Guerino **MARINELLI**, Appellant,

v.

**John P. RYAN**, District Director Immigration and Naturalization Service, Hartford, Connecticut, Appellee.

No. 79, Docket 26213.

United States Court of Appeals Second Circuit.

Argued Nov. 17, 1960.

Decided Jan. 4, 1961.

Samuel Tapper, Maplewood, N. J., for appellant.

Harry W. Hultgren, Jr., Hartford, Conn., for appellee.

Before LUMBARD, Chief Judge, and HAND and WATERMAN, Circuit Judges.

HAND, Circuit Judge.

The plaintiff appeals from a judgment of Judge Smith, under § 1009(b) of Title 5 U.S.C.A., dismissing his complaint to enjoin the execution of an order of the defendant, deporting him to Italy on the ground that he had been convicted in a

court of Connecticut of "a crime involving moral turpitude."

The facts are as follows. On October 15, 1959, the defendant issued an order that the plaintiff should show cause why he should not be deported for "indecent assault" and exposing a child to the impairment of his morals, for both of which he had been sentenced in the Superior Court of Hartford, Connecticut, and each of which was a crime involving "moral turpitude." The case was referred to a Special Inquiry Officer of the Immigration and Naturalization Service, before whom it appeared that the plaintiff admitted that he was born in Italy, and was a citizen of that country, that he was married and had three children, none of whom were citizens of the United States, and that on February 21, 1959, in Plainfield, Connecticut, he was arrested "for trouble with a boy according to what he said but it isn't true." He conceded that he had been the subject of the "information, conviction and sentence" of the Connecticut court; but added that the charge was untrue. On November 30th the Special Inquiry Officer found that the plaintiff had been guilty under § 53–217 of the General Statutes of Connecticut of the crime of "indecent assault," and the defendant ordered him to be deported. On January 25th the Board of Immigration Appeals dismissed an appeal from this order, upon which the defendant again ordered deportation.

In the action at bar Judge Smith had before him the complaint, the answer and the record of the proceedings before the Immigration and Naturalization Service; and he held that the conviction was for a crime involving "moral turpitude" within § 1251(a) (4) of Title 8, and not only denied a motion for preliminary injunction, but dismissed the complaint.

The record before Judge Smith does not contain a copy of the "information" filed in the Connecticut court, but the substance of it appears in the judgment of that court which alleged that the plaintiff had been found guilty of "an indecent assault," and further that he "did place a child under the age of sixteen years in such a situation that his morals were likely to be impaired." It was to both counts of this "information" that the plaintiff had pleaded guilty in the state court and he was sentenced under both counts, the "sentences to run concurrently." As it is not suggested that the "information" was for offences against separate persons the question before us is whether either count after a plea of guilty was sufficient to support the order of deportation; and that depends upon whether a conviction under either count presupposes "moral turpitude" in the offender. From the two counts it appears that the subject of the "indecent assault" was a boy "under the age of sixteen years."

The phrase of the Connecticut statute, "indecent assault," covers a good many offences, and its use of the word, "assault," does not mean that there must have been violence or the threat of violence. The statute itself (§ 53–217 General Statutes), provides that "it shall be no defense * * * under this section that the person assaulted consents to the act of violence or to the act of indecency," and in State v. Chicorelli, 129 Conn. 601, 30 A.2d 544, the Connecticut Supreme Court said that "this statute was evidently not drawn with a high regard for legal technicality in the expressions used. The word, 'assault,' for example, was obviously not intended to be given its technical meaning, of an offer or threat of violence to the person of another, as distinguished from the actual application of that violence * * * for it was clearly the intention to include the indecent touching of the body of another." It appears that the plaintiff was charged at least with the act of touching a boy under the age of sixteen with an indecent intent, which clearly meant a sexual intent. If so, it was at least a homosexual advance and under the law of Connecticut homosexual congress is a crime (General Statutes § 53–216), as indeed it is everywhere, so far as we know, when the advance is made to a juvenile. We have no doubt

that such a crime as here charged against the appellant involves moral turpitude.

It follows that, it is not necessary to reconsider what we laid down in United States ex rel. Zaffarano v. Corsi, 2 Cir., 63 F.2d 757: i. e., that in reviewing an order of deportation we may not look beyond the indictment, the plea, the verdict and the sentence. The charge against a man of mature years of touching a boy under sixteen with sexual intent was a charge of crime involving "moral turpitude" as that term is generally understood. Thus, the question does not arise whether we may look to the evidence before the court that sentenced the alien to ascertain whether the sentence brought him within the deportation statute.

Judgment affirmed.