

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-26-2008

# Mehboob v. Atty Gen USA

Precedential or Non-Precedential: Precedential

Docket No. 07-1799

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Mehboob v. Atty Gen USA" (2008). *2008 Decisions.* Paper 175.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/175

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

———————

No. 07-1799

———————

GHULAM MEHBOOB,

<u>Petitioner</u>

v.

ATTORNEY GENERAL OF THE UNITED STATES,

<u>Respondent</u>

———————

On Petition for Review from an Order of the
Board of Immigration Appeals
(BIA-1: A46-188-944)
Immigration Judge:  Hon. Grace A. Sease

———————

Argued October 21, 2008

BEFORE: SMITH and  COWEN , <u>Circuit Judges</u>
and THOMPSON*, <u>District Judge</u>

(Filed: November 26, 2008)

Michael S. Henry, Esq. (Argued)
2336 South Broad Street
Philadelphia, PA 19145-0000

Counsel for Petitioner

Jeffrey L. Menkin, Esq. (Argued)
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044-0000

Counsel for Respondent

OPINION

*Honorable Anne E. Thompson, Senior United States District
Judge for the District of New Jersey, sitting by designation.

2

COWEN, <u>Circuit Judge</u>.

In this petition for review of the Board of Immigration Appeals' ("BIA") order of removability, we must decide whether a conviction for indecent assault under 18 Pa. Cons. Stat. § 3126(a)(8), a strict liability offense, is a crime involving moral turpitude. Because the offense combines a reprehensible act with deliberate conduct, we conclude that indecent assault under Pennsylvania law is a crime involving moral turpitude, and consequently, the petition for review will be denied.

## I.

Petitioner, Ghulam Mehboob, is seeking review of the BIA's final order of removal and denial of his application for termination of removal proceedings. Mehboob, a native and citizen of Pakistan, was lawfully admitted to the United States as an immigrant in December, 1997. On December 7, 2001, Mehboob was convicted of a misdemeanor, indecent assault, in violation of 18 Pa. Cons. Stat. § 3126(a),[1] for touching the

---

[1] The statute provides:
   A person is guilty of indecent assault if the person has indecent contact with the complainant . . . for the purpose of arousing sexual desire in the person or the complainant and:
>      (1) the person does so without the complainant's consent;
>      (2) the person does so by forcible compulsion;
>      (3) the person does so by threat of forcible compulsion that would

3

breast of a 15 year old girl, who was a customer in his store. He was sentenced to two years of probation and fined $146. The record of conviction, however, did not specify the sub-section

prevent resistance by a person of reasonable resolution;

(4) the complainant is unconscious or the person knows that the complainant is unaware that the indecent contact is occurring;

(5) the person has substantially impaired the complainant's power to appraise or control his or her conduct by administering or employing, without the knowledge of the complainant, drugs, intoxicants or other means for the purpose of preventing resistance;

(6) the complainant suffers from a mental disability which renders the complainant incapable of consent;

(7) the complainant is less than 13 years of age; or

(8) the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa. Cons. Stat. § 3126(a).

4

of § 3126(a) under which Mehboob was convicted.

Following the conviction, the Department of Homeland Security ("DHS") initiated removal proceedings against Mehboob under 8 U.S.C. § 1227(a)(2)(A)(*i*), which provides for the deportation of aliens who commit crimes involving moral turpitude. An Immigration Judge ("IJ") determined that Mehboob was removable for having committed a crime involving moral turpitude, and the BIA affirmed. Mehboob then petitioned this Court for review. The panel vacated the decision because the BIA had not sufficiently explained its reasoning and remanded the case to the BIA for reconsideration and fuller explanation. Mehboob v. Att'y Gen. of the U.S., 175 Fed. Appx. 559 (3d Cir. 2006).

On remand, the BIA affirmed its previous conclusion that Mehboob had committed a crime involving moral turpitude and dismissed the appeal. Mehboob petitioned this Court for review of the BIA's order of removal. We have jurisdiction over Mehboob's petition for review pursuant to 8 U.S.C. § 1252(a).

**II.**

This Court reviews the BIA's legal determinations de novo, except when Chevron v. Natural Resources Defense Council, 467 U.S. 837 (1984), requires us to defer to the BIA. Wang v. Ashcroft, 368 F.3d 347, 349 (3d Cir. 2004). Chevron deference is required "when an agency construes or interprets a statute that it administers" and the agency's interpretation is "based on a permissible interpretation of the statute." Knapik v. Ashcroft, 384 F.3d 84, 87 (3d Cir. 2004). Accordingly, we defer, under Chevron, "to the BIA's definition of moral

5

turpitude," id. at 88 n.3, as well as the BIA's determination that a certain crime involves moral turpitude,[2] id. at 88. No deference, however, is given to the BIA's parsing of the elements of the underlying crime. See id.; see also Partyka v. Att'y Gen. of the U.S., 417 F.3d 408, 411 (3d Cir. 2005) ("[W]e owe no deference to the IJ's interpretation of a state criminal statute.").

## III.

An alien is subject to removal pursuant to 8 U.S.C. § 1227(a)(2)(*i*) if she or he "is convicted of a crime involving moral turpitude," the crime is committed within five years of the date of admission, and the sentence that may be imposed for the crime of conviction is one year or longer. Mehboob was convicted of indecent assault, in violation of 18 Pa. Cons. Stat. § 3126(a), on December 7, 2001. That date was four years from his admission to the United States in December, 1997. The offense carried a potential sentence of more than one year in jail. The question of Mehboob's removability hinges on whether indecent assault under Pennsylvania law is a crime

---

[2] Whether to defer to the BIA on the determination that a certain crime involves moral turpitude was specifically addressed by Knapik v. Ashcroft. While noting that the Ninth Circuit reviews de novo whether a particular crime involves moral turpitude, we adopted the majority position, also held by the First, Second, Fifth, and Eighth Circuits, and concluded that the BIA's determination that a certain crime involves moral turpitude is entitled to Chevron deference. 384 F.3d at 87-88.

involving moral turpitude.

The Third Circuit has adopted a categorical approach to identifying crimes involving moral turpitude. Partyka, 417 F.3d at 411; Knapik, 384 F.3d at 88. This "categorical" inquiry is based on "the criminal statute and the record of conviction, not the alien's conduct." Partyka, 417 F.3d at 411. When a statute is "divisible," meaning that it prohibits several different types of conduct, we "look to the record of conviction to determine whether the alien was convicted under [a] part of the statute [which] defin[es] a crime involving moral turpitude." Id. When no sub-section is specified in the record of conviction, we begin our categorical inquiry with the sub-section requiring the least culpability. Accordingly, a crime involves moral turpitude when "the least culpable conduct necessary to sustain a conviction under the statute" can be considered morally turpitudinous. Id.

## A. Moral Turpitude

Morally turpitudinous conduct is inherently base, vile, or depraved; contrary to the accepted rules of morality and the duties owed other persons, either individually or to society in general. Partyka, 417 F.3d at 413. To determine whether a particular crime involves moral turpitude, we ask whether the criminal act is "accompanied by a vicious motive or a corrupt mind." Id. The general rule that has been culled from the answer to this question is that "evil intent is a requisite element for a crime involving moral turpitude." Id. (citations omitted).

Applying this general rule, we have found that, in addition to intentional crimes, serious crimes committed

7

recklessly—that is, "with a conscious disregard of a substantial and unjustifiable risk that serious injury or death would follow"—can be found to involve moral turpitude. This Court, however, has drawn a line at recklessness, and has held that moral turpitude does not inhere in a crime merely requiring a mental state of negligence. Compare Partyka, 417 F.3d at 416 (holding that "negligently inflicted bodily injury lacks the inherent baseness or depravity that evinces moral turpitude") with Knapik, 384 F.3d at 90 (affirming the BIA's decision that first degree reckless endangerment is "a crime involving moral turpitude"). Thus, the "hallmark" of moral turpitude has become "a reprehensible act with an appreciable level of consciousness or deliberation." Partyka, 417 F.3d at 414.

## B. Least Culpable Conduct

Mehboob was convicted of indecent assault under 18 Pa. Cons. Stat. § 3126(a), which contains eight sub-sections. Section 3126(a) is therefore divisible, so we look at the record of conviction. The record of conviction in this case does not specify the sub-section under which Mehboob was convicted. Therefore, we look at the sub-section that requires the least culpability, sub-section (a)(8), to determine whether it is a crime involving moral turpitude.

Sub-section (a)(8) is violated when there is "indecent contact with the complainant" when "the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other." The term "indecent contact" is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual

desire, in either person." 18 Pa. Cons. Stat. § 3101. Thus, the elements of this offense consist of: (1) purposeful contact; (2) the complainant's age; and (3) the age difference between the defendant and the complainant. There is no mens rea element as to the age of the victim; nor has any mental state ever been implied by the Pennsylvania courts. As such, sub-section (a)(8) defines a strict liability offense.

The least culpable conduct that would sustain a conviction under § 3126(a)(8) would be consensual contact for the purpose of sexual gratification between a 19 year old and a 15 year old. Thus, indecent assault under Pennsylvania law can be a crime involving moral turpitude if such contact between a 19 year old and a 15 year old can be considered inherently base, vile, or depraved or is contrary to the accepted rules of morality. In other words, if it is found to combine "a reprehensible act with an appreciable level of consciousness or deliberation." Partyka, 417 F.3d at 414.

## C. Analysis

Chevron teaches us to defer to the BIA's determination that a certain crime involves moral turpitude when that determination is reasonable. Knapik, 384 F.3d at 88. In its decision, the BIA distinguished strict liability "morality offenses," which it found to be so manifestly contrary to community mores that they are subject to a presumption of culpability, from other, regulatory "public welfare" offenses, which impose strict liability primarily for policy imperatives and are less directly tied to universal community values. Specifically focusing on 18 Pa. Cons. Stat. § 3126(a)(8), the BIA held that, as a classic morality offense, sub-section (a)(8)

9

described a crime involving moral turpitude, despite the fact that the statute does not contain a <u>mens</u> <u>rea</u> element as to the complainant's age. We do not find this conclusion to be unreasonable.

The absence of a <u>mens</u> <u>rea</u> as to a particular element in the statute of conviction does not necessarily connote an absence of moral culpability on the part of the violator. Strict liability morality offenses, like indecent assault under § 3126(a)(8), are crimes involving moral turpitude because of the community consensus that such offenses, which are enacted for the protection of the child, are inherently antisocial and depraved. <u>In re Mehboob</u>, at 3 (B.I.A. Feb. 16, 2007); Pet'r App. at 4. In this case, the community consensus is that indecent contact between a person less than 16 years of age and another person who is four or more years older is reprehensible and socially unacceptable. The Pennsylvania Supreme Court has found that sub-section (a)(8) serves the legitimate societal purpose of protecting minors from sexual aggressors. <u>See</u> <u>Commonwealth v. Albert</u>, 758 A.2d 1149, 1154 (Pa. 2000) (recognizing that "older, more mature individuals are in a position that would allow them to take advantage of the immaturity and poor judgment of very young minors").

Legislatures often remove <u>mens</u> <u>rea</u> elements from sex offenses on the basis of community consensus that certain conduct should not be permitted with children under a certain age. Enacting strict liability offenses such as § 3126(a)(8), makes it easier for the state to punish behavior that the community disapproves of because the state is not required to

10

prove that the perpetrator knew the actual age of the victim.[3] But just because actual knowledge of the victim's age is not an element of the crime does not mean that the perpetrator was not motivated by moral turpitude. Indeed, it would seem impossible to commit an offense, such as the one defined by subsection (a)(8), without violating accepted rules of morality.

Thus, the same community consensus that obviates the need to prove knowledge of the actual age of the victim at a criminal trial also categorizes § 3126(a)(8) as a crime involving moral turpitude. Accordingly, we hold that the absence of mens rea as to a specific element of a crime does not necessarily preclude a finding that a strict liability sex offense involves moral turpitude. It is the nature of the crime, in addition to the particular elements, that determines whether it involves moral turpitude. See Castle v. I.N.S., 541 F.2d 1064, 1066 & n.5 (4th Cir. 1976).

---

[3] This presumptive culpability is offset by a mistake of fact defense, which allows a defendant to prove by a preponderance of the evidence that she or he reasonably believed the child to be above the age of 16. 18 Pa. Cons. Stat. § 3102. The availability of this defense in a criminal prosecution, however, cannot be used in the immigration context to back into the conclusion that an individual knew the complainant to be under age. Under our immigration precedents, the categorical inquiry is limited to the elements of the offense; it does not encompass separate statutory or common law defenses that are available to a criminal defendant. We cannot presume from the fact of Mehboob's conviction that he knew the child to be under the age of 16.

11

This conclusion does not, as Mehboob suggests, abandon the categorical approach; nor does it remove the evil intent element from the definition of moral turpitude. Mehboob argues that indecent assault under § 3126(a)(8) cannot be a crime involving moral turpitude because a person could be convicted without either engaging in inherently base, vile or depraved conduct, or having a vicious motive or corrupt mind. He asserts that the least culpable conduct does not rise to the level of moral turpitude because society would not find a 19 year old's act of touching a 15 year old to be morally reprehensible. Indeed, this is the position of the Court of Appeals for the Ninth Circuit, which held in a recent decision that statutory rape under California law could not be categorized as a crime involving moral turpitude because the least culpable conduct that could support a conviction under the statute might be "socially unacceptable," but was not "inherently base, vile, or depraved." Quintero-Salazar v. Keisler, 506 F.3d 688, 693 (9th Cir. 2007).

However, Pennsylvania, as gauged by the enactments of the state legislature, appears to believe that the touching of a person who is less than 16 years of age by a person who is four or more years older for the purpose of arousing or gratifying sexual desire is offensive to public moral values. This view is supported by the fact that the offense is named indecent assault. See Webster's 3d New Int'l Dictionary 1147 (1986) (defining indecent as "altogether unbecoming . . . not conforming to generally accepted standards of morality").

A survey of the cases reveals the consensus that moral turpitude inheres in strict liability sex offenses. See, e.g., Sheikh v. Gonzales, 427 F.3d 1077, 1082 (8th Cir. 2005)

12

(concluding that an IJ did not abuse her discretion in finding that the misdemeanor offense of contributing to the delinquency of a minor was a crime involving moral turpitude); Castle v. I.N.S., 541 F.2d 1064, 1066 (4th Cir. 1976) (holding that "a man's carnal knowledge of a fifteen year old girl, not his wife, is so basically offensive to American ethics and accepted moral standards as to constitute moral turpitude per se"); Marinell v. Ryan, 285 F.2d 474, 475-76 (2d Cir. 1961) ("no doubt" that the indecent touching of a child under the age of sixteen involves moral turpitude); Pino v. Nicolls, 215 F.2d 237, 240 (1st Cir. 1954) ("cannot . . . be questioned" that assault on a child under sixteen years of age with the intent to unlawfully and carnally know her "belongs in the category of crimes involving moral turpitude"); see also Marciano v. I.N.S., 450 F.2d 1022 (8th Cir. 1971); Ng Sui Wing v. United States, 46 F.2d 755 (7th Cir. 1931); Matter of Dingena, 11 I. & N. Dec. 723 (B.I.A. 1966); Matter of Garcia, 11 I. & N. Dec. 521 (B.I.A. 1966); Matter of R—, 3 I. & N. Dec. 562 (B.I.A. 1949).

Moreover, indecent assault, as defined by § 3126(a)(8), is not devoid of mens rea. Although it may not require knowledge of the complainant's age, it does require the purposeful conduct, namely the touching of the sexual or other intimate parts of a person in order to arouse or gratify sexual desire. See Model Penal Code § 2.02(2). While this type of purposeful conduct on its own might not be viewed as reprehensible, when it is carried out on a person less than 16 years of age by another person who is four or more years older, society's accepted rules of morality are violated. It is the combination of arousing or gratifying sexual desires by touching a child under the age of 16 that is inherently base, vile,

13

and depraved.

Drawing a line at penetration, such that statutory rape offenses would be considered morally turpitudinous, but indecent assault offenses would not, as Mehboob has suggested, would not change our conclusion. Not only is penetration somewhat of an arbitrary demarcation between conduct that is socially acceptable and conduct that is not, it is also not supported by case law or the community consensus. Although a majority of the cases in this area have considered statutory rape offenses, several have found crimes not requiring penetration to involve moral turpitude. See, e.g., Marinell, 285 F.2d 474 (indecent touching); Matter of Garcia, 11 I. & N. Dec. 521 (taking indecent liberties with a child); Matter of Imber, 16 I. & N. Dec. 256 (sexual misconduct and immoral advances). In addition, the community consensus, as displayed through the enactments of the Pennsylvania legislature, condemns any type of sexual contact between a person less than 16 years of age and another person who is four or more years older, regardless of penetration. Consequently, Mehboob's argument that indecent assault is not a crime of moral turpitude because it only involves touching, and not penetration, is unavailing.

## IV.

The BIA's determination, that indecent assault under 18 Pa. Cons. Stat. § 3126(a)(8) is a crime involving moral turpitude, is not unreasonable. The petition for review will be denied.

14