**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3711
_____

EDGAR ORACIO SALOMON-BAJXAC,
                                                            Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                            Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A094-380-845)
Immigration Judge:  Honorable Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 3, 2014

Before: JORDAN, GREENBERG and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 7, 2014)
_____

OPINION
_____

PER CURIAM

        Petitioner Edgar Salomon-Bajxac petitions for review of a final order of removal

issued by the Board of Immigration Appeals (BIA).  For the reasons detailed below, we

will deny the petition for review.

Salomon-Bajxac is a citizen of Guatemala. In 2010, the Department of Homeland Security charged him with being removable under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present without being admitted. Salomon-Bajxac conceded removability but applied for cancellation of removal. The government contended that Salomon-Bajxac had committed a crime involving moral turpitude — he was convicted in 2003 in New Jersey state court of third-degree aggravated assault on a law-enforcement officer in violation of N.J. Stat. Ann. § 2C:12-1(b)(5)(a) — which rendered him ineligible for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1)(C).

The Immigration Judge (IJ) agreed with the government, denied Salomon-Bajxac's application for cancellation of removal, and ordered him removed. Salomon-Bajxac appealed to the BIA, which dismissed the appeal. Salomon-Bajxac then filed a timely petition for review to this Court.

We have jurisdiction over Salomon-Bajxac's petition for review pursuant to 8 U.S.C. § 1252(a). The Court reviews the BIA's legal determinations de novo, except when Chevron v. Natural Resources Defense Council, 467 U.S. 837 (1984), requires the Court to defer to the BIA. Mehboob v. Att'y Gen., 549 F.3d 272, 275 (3d Cir. 2008). The Court defers, under Chevron, "to the BIA's definition of moral turpitude," and to its "determination that a certain crime involves moral turpitude." Id. (quotation marks, citation omitted).

2

The BIA did not err here.  We have explained that "the hallmark of moral turpitude is a reprehensible act with an appreciable level of consciousness or deliberation."  Totimeh v. Att'y Gen., 666 F.3d 109, 114 (3d Cir. 2012) (quotation marks, alterations omitted).  Typically, in determining whether a crime involves moral turpitude, we employ a "categorical approach" that "focus[es] on the underlying criminal statute rather than the alien's specific act."  Knapik v. Ashcroft, 384 F.3d 84, 88 (3d Cir. 2004) (quotation marks omitted).  Under that approach, a criminal statute categorically involves moral turpitude "only if all of the conduct [the statute] prohibits is turpitudinous."  Partyka v. Att'y Gen., 417 F.3d 408, 411 (3d Cir. 2005).  However, if the statute is "divisible" — that is, it "covers both turpitudinous and nonturpitudinous acts" — we turn to a modified categorical approach, and "look to the record of conviction to determine whether the alien was convicted under [a] part of the statute defining a crime involving moral turpitude."  Id.

In Partyka, we applied this analysis to the very statute at issue here, N.J. Stat. Ann. § 2C:12-1(b)(5)(a), and concluded that it covers both turpitudinous and nonturpitudinous conduct.  More specifically, the statute provides that an individual is guilty of aggravated assault if he "[c]ommits a simple assault as defined in subsection a. (1), (2) or (3) of this section upon . . . [a]ny law enforcement officer."  § 2C:12-1(b)(5)(a).  Subsections (1), (2), and (3), meanwhile, state that a person is guilty of assault if he "(1) [a]ttempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or (2)

3

[n]egligently causes bodily injury to another with a deadly weapon; or (3) [a]ttempts by physical menace to put another in fear of imminent serious bodily injury." N.J. Ann. Stat. § 2C:12-1(a). We then concluded that negligent assault, as proscribed by § 2C:12-1(a)(2), is not turpitudinous, while purposeful, knowing, or reckless assault, as proscribed by § 2C:12-1(a)(1), does involve moral turpitude. Partyka, 417 F.3d at 416.[1] We therefore ruled that in assessing whether convictions under § 2C:12-1(b)(5)(a) qualify as crimes involving moral turpitude, it is necessary to use the modified categorical approach to determine which subsection of § 2C:12-1(a) the alien violated. See id. We will thus employ that approach here.

In applying the modified categorical approach, we may review "the indictment, plea, verdict, and sentence." Id. (quotation marks omitted). Here, the indictment specifically alleges that Salomon-Bajxac "purposely did attempt to cause bodily injury to and/or purposely, knowingly or recklessly did cause bodily injury to Detective Edward Rivera."[2] Thus, the record of conviction unequivocally shows that Salomon-Bajxac violated § 2C:12-1(a)(1); this subsection, we concluded in Partyka, involves moral turpitude. See id.; see also Totimeh, 666 F.3d at 114 (noting that moral turpitude may

---

[1] In Partyka, we noted that aggravated assault on a law-enforcement officer is a crime of the third degree if the officer suffers a bodily injury, and because petitioner in that case pleaded guilty to third-degree aggravated assault — like Salomon-Bajxac did here — he could not dispute that his assault caused injury. See Partyka, 417 F.3d at 412.

[2] The fact that the indictment (like § 2C:12-1(a)(1)) includes criminal attempt is of no consequence. As the Court observed in Partyka, "[t]he attempts described in subsection (a)(1) and (3) require specific intent," and thus involve the requisite state of

4

inhere in crimes committed recklessly); <u>Knapik v. Ashcroft</u>, 384 F.3d 84, 90 (3d Cir. 2004) (accepting legal standard for crimes of moral turpitude that the BIA applied here); <u>In re Danesh</u>, 19 I. & N. Dec. 669, 673 (BIA 1988) (concluding that similar crime involved moral turpitude). Therefore, the BIA did not err in concluding that Salomon-Bajxac was convicted of a crime involving moral turpitude, which rendered him ineligible for cancellation of removal.[3]

Accordingly, we will deny the petition for review.

---

mind for a crime involving moral turpitude. 417 F.3d at 412 n.3.

[3] Salomon-Bajxac also complains that the BIA did not address his cancellation-of-removal application on the merits. Contrary to his argument, the BIA's analysis was perfectly permissible — "agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." <u>INS v. Bagamasbad</u>, 429 U.S. 24, 25 (1976).