**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3293
_____

GARCIA GAYOLLO MARIA DE LA LUZ,
a/k/a Maria De La Luz Garcia Gayosso,
a/k/a Norma Rodriguez-Acevedo,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review from the Board of Immigration Appeals
(B.I.A. No. A200-688-646)
Immigration Judge: Honorable Charles M. Honeyman
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 9, 2014
_____

Before: SMITH, SHWARTZ, and ROTH, Circuit Judges.

(Filed:  September 16, 2014)

_____

OPINION
_____

SHWARTZ, Circuit Judge.

Petitioner Maria De La Luz Garcia Gayosso ("Petitioner") petitions for review of

an order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's

("IJ's") determination that Petitioner was ineligible for cancellation of removal. For the

reasons that follow, we will deny the petition.

I

As we write principally for the benefit of the parties, we recite only the essential

facts and procedural history. Petitioner, a citizen of Mexico, was convicted of two counts

of forgery in the third degree for altering a document in violation of Del. Code Ann. tit.

11, § 861(b)(3), and was sentenced to three months' imprisonment and a term of

supervision.[1] The Department of Homeland Security then charged Petitioner under 8

U.S.C. § 1182(a)(6)(A)(i) as an alien who entered the United States without being

admitted or paroled. Before the IJ, Petitioner conceded her inadmissibility but sought

cancellation of her removal. The Government filed a motion to pretermit Petitioner's

application on the ground that Petitioner had been convicted of a crime involving moral

turpitude, which the IJ granted. The BIA affirmed. Petitioner now petitions for review.

II[2]

---

[1] The charges stemmed from Petitioner's use of a stolen Social Security card that had been altered.

[2] We have jurisdiction to review the BIA's orders pursuant to 8 U.S.C. § 1252(a). We review the BIA's legal determinations de novo, except when Chevron v. Natural Res. Def. Council, 467 U.S. 837 (1984), requires that we defer to the BIA. Denis v. Att'y Gen., 633 F.3d 201, 205-06 (3d Cir. 2011). We defer under Chevron "when an agency construes or interprets a statute that it administers" and the agency's interpretation is "based on a permissible interpretation of the statute." Knapik v. Ashcroft, 384 F.3d 84, 87 (3d Cir. 2004). We therefore defer to the BIA's definition of moral turpitude and its determination that a certain crime involves moral turpitude. Mehboob v. Att'y Gen., 549

A noncitizen who is subject to removal bears the burden of establishing her eligibility for discretionary cancellation of removal. 8 U.S.C. § 1229a(c)(4)(A)(i). To meet this burden, she must demonstrate that (1) she "has been physically present in the United States for a continuous period of not less than 10 years;" (2) she "has been a person of good moral character during such period;" (3) she "has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3);" and (4) "removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1).

Our inquiry focuses on the third element—whether Petitioner's forgery conviction qualifies as an offense under §§ 1182(a)(2), 1227(a)(2), or 1227(a)(3). Because we conclude that Petitioner's forgery conviction is an offense under § 1227(a)(2), we need not consider whether it also qualifies as an offense under §§ 1182(a)(2) or 1227(a)(3).

Section 1227(a)(2) pertains to offenses in which an alien "(I) is convicted of a crime involving moral turpitude . . . and (II) is convicted of a crime for which a sentence of one year or longer may be imposed . . . ." 8 U.S.C. § 1227(a)(2)(A)(i); see also Cortez, 25 I. & N. Dec. 301, 307 (BIA 2010). The statute does not define "moral turpitude," but our Court has described "[m]orally turpitudinous conduct [a]s inherently base, vile, or depraved; contrary to the accepted rules of morality and the duties owed

F.3d 272, 275 (3d Cir. 2008). "No deference, however, is given to the BIA's parsing of the elements of the underlying crime." Id.

3

other persons, either individually or to society in general." <u>Mehboob</u>, 549 F.3d at 275. The "hallmark" of moral turpitude is a "reprehensible act committed with an appreciable level of consciousness or deliberation," and the general rule is that "evil intent is a requisite element." <u>Partyka v. Att'y Gen.</u>, 417 F.3d 408, 413-14 (3d Cir. 2005) (internal quotation marks and citations omitted). Therefore, to "determine whether a particular crime involves moral turpitude, we ask whether the criminal act [covered by the criminal statute] is 'accompanied by a vicious motive of a corrupt mind.'" <u>Mehboob</u>, 549 F.3d at 275-76. Hence, we focus on "the criminal statute and the record of conviction, not the alien's conduct." <u>Partyka</u>, 417 F.3d at 411.

In this case, Petitioner was convicted of altering a document in violation of Del. Code Ann. tit. 11, § 861(a)(1) and (b)(3). The statute provides that a "person is guilty of forgery when, intending to defraud, deceive or injure another person, or knowing that the person is facilitating a fraud or injury to be perpetrated by anyone, the person . . . [a]lters any written instrument of another person without the other person's authority." Del. Code Ann. tit. 11, § 861(a)(1). The statute's requirement that the offender have either intent to defraud or knowledge she is facilitating a fraud is sufficient to render the crime morally turpitudinous because fraud is "universally recognized" as a crime involving moral turpitude. [3] <u>Doe v. Att'y Gen.</u>, 659 F.3d 266, 270 n.2 (3d Cir. 2011) (citing <u>Jordan</u>

---

[3] Petitioner advances arguments premised on the notion that she was convicted of mere possession of altered documents under § 861(a)(3). The record of conviction specifies, however, that she was convicted of altering documents, which is an offense under § 861(a)(1). We therefore need only consider whether altering documents in

4

v. De George, 341 U.S. 223, 232 (1951) ("[F]raud has consistently been regarded as such a contaminating component in any crime that American courts have, without exception, included such crimes without the scope of moral turpitude.").[4]

Additionally, Petitioner's forgery conviction satisfies § 1227(a)(2)'s requirement that the crime be eligible for a sentence of "one year or longer," as individuals convicted of forgery in violation of § 861(b)(3) may receive sentences of "up to 1 year incarceration." Del. Code Ann. tit. 11, § 4206(a). Therefore, Petitioner's forgery conviction qualifies as an offense under § 1227(a)(2), and the BIA correctly determined that she is not eligible for cancellation of removal.

---

violation of § 861(a)(1) is a crime involving moral turpitude. Mehboob, 549 F.3d at 275 ("When a statute is 'divisible,' meaning that it prohibits several different types of conduct, we 'look to the record of conviction to determine whether the alien was convicted under a part of the statute which defines a crime involving moral turpitude.'") (internal citations and alterations omitted). Moreover, our result would be the same even if Petitioner had been convicted of possessing documents under § 861(a)(3) because that offense also requires intent to defraud or knowledge she is facilitating a fraud. See Omagash v. Ashcroft, 288 F.3d 254, 261 (5th Cir. 2002) ("We find reasonable the BIA's decision to classify, as moral turpitude, conspiracy to possess illegal immigration documents with the intent to defraud the government.") (emphasis omitted); Lagunas-Salgado v. Holder, 584 F.3d 707, 711-12 (7th Cir. 2009) (holding that transfer of an identification document knowing that it was stolen or produced without lawful authority was a crime of moral turpitude and distinguishing it from a crime for "mere[] possessi[on]" that "contained no requirement or proof that a document was used or was intended to be used in an unlawful manner").

[4] Petitioner contends that forgery under Delaware law does not involve moral turpitude because it is broader than the definition of forgery under federal law. In particular, she argues that she could not have been convicted of forgery under federal law because she used a "genuine" document that had been altered and according to Petitioner, forgery under federal law pertains only to documents that were fraudulently created. Whether her conduct is also criminal under federal law, however, is immaterial for our purposes of determining whether her state conviction is for a crime involving moral turpitude. See Mehboob, 549 F.3d at 276-79.

5

## III

For the foregoing reasons, we will deny the petition.