**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1360
_____

HERNAN FLORES SANCHEZ,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of a Decision of the
United States Department of Justice
Board of Immigration Appeals
(BIA-1: A204-347-807)
Immigration Judge: Lisa De Cardona
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on November 14, 2018

Before: GREENAWAY, JR., SHWARTZ, and BIBAS, *Circuit Judges*.

(Filed: December 26, 2018)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge*.

Hernan Flores Sanchez, an illegal alien, concedes that he is removable. He applied for asylum, withholding of removal, cancellation of removal, and relief under the Convention Against Torture. But Sanchez pleaded guilty to sexual conduct that endangered a child's welfare. And the common law has long treated sexual conduct with minors as morally depraved. So we hold that this crime is a crime of moral turpitude and precludes cancellation of removal. His conviction also strips our jurisdiction over Sanchez's fact-bound claims.

Sanchez does raise some legal claims. He claims asylum and withholding because he is "Americanized" and unable to speak Spanish, and also because he has a disabled child. AR 19. But Sanchez waived any claim about the latter group, and the former does not count as a "particular social group." 8 U.S.C. §§ 1101(a)(42)(A), 1231(b)(3)(A). So he cannot obtain asylum or withholding. And Sanchez raises a due-process claim, which just repackages his other claims and requires no separate analysis. We will thus deny his petition in part and dismiss it in part.

## I. BACKGROUND

Sanchez entered the United States from Mexico illegally as a child. In 2014, when he was 19, he had sexual intercourse with a 14-year-old girl. Two years later, he pleaded guilty to endangering the welfare of a child by sexual conduct under New Jersey Statute § 2C:24-4(a). The Department of Homeland Security then charged him with inadmissibility. Sanchez concedes that he is removable.

But Sanchez sought to prevent his removal. He denied that he had been convicted of a crime of moral turpitude and pursued cancellation of removal. Sanchez also sought asylum and withholding of removal because he fears persecution on two grounds: he is "Americanized" and cannot speak Spanish well, and he is a Roman Catholic. AR 19. And Sanchez sought the protection of the Convention Against Torture, claiming that he will be tortured in Mexico. 1465 U.N.T.S. 85; 8 C.F.R. §208.17.

Two immigration judges denied the applications. The first held that sexual conduct with a minor is a crime of moral turpitude; that prevents cancellation. 8 U.S.C. §1229b(b)(1)(C).

The second held that Sanchez had been convicted of a particularly serious crime, precluding asylum and withholding. *Id.* §1158(b)(2)(A)(ii). In the alternative, she explained that those who are "Americanized" and do not speak Spanish do not form a particular social group. AR 87. Nor did she find evidence of Catholic persecution in Mexico. These findings also ruled out asylum and withholding. And she found no evidence that Sanchez would be tortured. So Sanchez could not get relief under the Convention. He appealed to the Board of Immigration Appeals, raising the same claims as well as a new social group: parents of disabled children. The Board affirmed, finding that Sanchez had waived his new proposed social group.

The immigration judges had jurisdiction under 8 C.F.R. §1208.2(b). The Board had jurisdiction under 8 U.S.C. §1103(g)(2) and 8 C.F.R. §§1003.1(b)(3) and 1240.15. We have jurisdiction over the Board's final order under 8 U.S.C. §1252. Because we conclude that Sanchez was convicted of a crime of moral turpitude, our jurisdiction is limited to questions of law. *Id.* §1252(a)(2)(C), (D). We review the Board's legal conclusions *de*

3

*novo* while according it *Chevron* deference. *Huang v. Att'y Gen.*, 620 F.3d 372, 379 (3d Cir. 2010) (applying *Chevron v. NRDC*, 467 U.S. 837 (1984)).

## II. SANCHEZ WAS CONVICTED OF A CRIME OF MORAL TURPITUDE

A crime of moral turpitude is "inherently base, vile, or depraved." *Mehboob v. Att'y Gen.*, 549 F.3d 272, 275 (3d Cir. 2008). The New Jersey law here punishes two types of conduct: sexual conduct with a minor and abusing or neglecting a minor. N.J. Stat. Ann. §2C:24-4(a). The statute is divisible. Looking at the charging document and the judgment of conviction, we can tell that Sanchez was convicted of sexual conduct with a minor. Despite his protestations, that is a crime of moral turpitude. Sexual conduct with minors is depraved even if the perpetrator and victim are close in age and even if the perpetrator is mistaken about the victim's age. So sexual conduct with minors in New Jersey is categorically a crime of moral turpitude. Sanchez thus cannot seek cancellation, and our jurisdiction is limited to questions of law.

### A. The statute is divisible

Sanchez was convicted of endangering a child under New Jersey Statute §2C:24-4(a). But that section has two paragraphs. The first criminalizes "sexual conduct which would impair or debauch the morals of the child"; the second, harming the child by "abuse[] or neglect[]." *Id.* The government admits that the latter does not require moral turpitude. And under the categorical approach, a state-law conviction involves moral turpitude only if the elements necessarily involve a crime of moral turpitude. *See Moreno v. Att'y Gen.*, 887 F.3d 160, 163 (3d Cir. 2018); *Ildefonso-Candelario v. Att'y Gen.*, 866 F.3d 102, 104 (3d Cir. 2017).

But some statutes are divisible, defining "multiple crimes." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). Others list different means of committing the same crime. *Id.* We can tell if the statute lists multiple means or multiple crimes by looking to the statute itself, state court decisions, and record-of-conviction documents like the indictment or jury instructions. *Id.* at 2249, 2256-57. If the statute is divisible, we may look to those documents to determine the crime of conviction. *Id.*; *Jean-Louis v. Att'y Gen.*, 582 F.3d 462, 466 (3d Cir. 2009).

This statute is divisible. It lists two complete sets of elements in fully disjunctive paragraphs that even repeat some elements. N.J. Stat. Ann. §2C:24-4(a)(1) & (2). New Jersey caselaw supports this by distinguishing between the two paragraphs. *See State v. McKinney*, No. A-1946-13T1, 2017 WL 370918, at *3 (N.J. Super. Ct. App. Div. Jan. 25, 2017); *see also United States v. Solano-Hernandez*, 847 F.3d 170, 176 (5th Cir. 2017), *overruled on other grounds by* 138 S. Ct. 2701 (2018). Sanchez was convicted of the indictment's charge of "sexual conduct … which would impair or debauch the morals of [a] child," further proving the statute's divisibility. AR 270.

So we can look to the indictment and judgment of conviction to determine Sanchez's crime. *Mathis*, 136 S. Ct. at 2249; *Jean-Louis*, 582 F.3d at 466. And the indictment and judgment of conviction plainly show that Sanchez was convicted of "engag[ing] in sexual conduct which would impair or debauch the morals of [a] child." N.J. Stat. Ann. §2C:24-4(a)(1).

## B. New Jersey's sex-with-minors crime is a crime of moral turpitude

That New Jersey statutory crime involves moral turpitude. It requires knowledge of the sexual conduct, though not of the victim's age. We have found that similar crimes involve moral turpitude.

A crime of moral turpitude has two features. First, the crime itself must be "inherently base, vile, or depraved." *Mehboob*, 549 F.3d at 275. Second, the actor must have "an appreciable level of consciousness or deliberation." *Id.* at 276 (quoting *Partyka v. Att'y Gen.*, 417 F.3d 408, 414 (3d Cir. 2005)). We evaluate these factors categorically, not case by case. In other words, we focus on the least culpable conduct required for conviction, not the facts of the defendant's own case. *Id.* at 275.

Sexual conduct with a minor meets both of these criteria. These acts are plainly depraved. *See id.* at 277 (indecent assault on a child under 16). The common law has long criminalized them. *See* 3 *Wharton's Criminal Law* § 285 (15th ed. 2018) (detailing an Elizabethan statute forbidding sexual abuse of a child under ten years old that the American common law adopted); 4 William Blackstone, *Commentaries* \*212 (noting that the victim's consent was "immaterial"). And under longstanding principles, the actor need not know the victim's age to offend common morals. *See Morissette v. United States*, 342 U.S. 246, 251 n.8 (1952). Knowledge of the sexual acts is enough. *Mehboob*, 549 F.3d at 277-78.

Sanchez argues that the New Jersey law requires no mental state. But New Jersey has a gap-filler statute for mental states. N.J. Stat. Ann. § 2C:2-2(c)(3). It provides that crimes without mental states generally require knowledge. *Id.* New Jersey courts have thus concluded that sexual conduct with minors requires knowledge of the sexual conduct, though

6

not the victim's age. *See State v. Perez*, 832 A.2d 303, 312 (N.J. 2003) (citing N.J. Stat. Ann. §2C:14-5(c)); *see also* N.J. Model Jury Instructions, *Endangering the Welfare of a Child, Sexual Conduct (Third Degree)* (2014). That is exactly the mental state that historically was enough to condemn statutory rape. *See Mehboob*, 549 F.3d at 277-78. Sanchez's conviction thus meets both criteria: it requires a depraved act and knowledge of that act.

Sanchez conjures two hypotheticals to refute that conclusion. He first claims that New Jersey extends this crime even to those close in age. But we have already held that "sexting between an eighteen-year-old and a seventeen-year-old [is] morally reprehensible." *Moreno*, 887 F.3d at 164-65. *A fortiori*, so too is sexual conduct between an eighteen-year-old and a seventeen-year-old.

Sanchez's second claim is that this law can penalize merely kissing a minor. But the statute reaches only "sexual conduct" that will "impair or debauch" the child's morals. N.J. Stat. Ann. §2C:24-4(a)(1). Sanchez cites no case that distorts this law to a mere kiss. But the categorical approach "is not an invitation to apply 'legal imagination' to the state offense." *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013) (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)). Sanchez must point to a "realistic probability, not a theoretical possibility" that New Jersey will extend its law to otherwise innocent conduct. *Id.* He has not done so.

Sexual conduct with minors in New Jersey is thus a crime of moral turpitude. So Sanchez is ineligible for cancellation of removal. 8 U.S.C. §1229b(b)(1)(C). And our jurisdiction is limited to questions of law. *Id.* §1252(a)(2)(C), (D).

### III. SANCHEZ IS NOT PART OF A PARTICULAR SOCIAL GROUP

Sanchez also argues that he is entitled to asylum and withholding. But one of his proffered social groups does not pass muster. Another was waived below. And we lack jurisdiction over the Board's conclusion about the third. So Sanchez cannot obtain relief.

The Board concluded that Sanchez cannot obtain asylum or withholding for two independent reasons. First, it concluded that he had been convicted of a particularly serious crime. Second, it explained that one of his proposed groups does not qualify as a particular social group, another was waived, and his religion does not face persecution. Sanchez contests all of these findings. Because Sanchez cannot now show that he qualifies for asylum in any event, we need not decide whether his crime was particularly serious.

To receive asylum or withholding of removal, Sanchez must show that he reasonably fears persecution based on his "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1101(a)(42)(A), 1231(b)(3)(A). Sanchez claims that he fears persecution because he is a Roman Catholic and also a member of two particular social groups.

But he cites no evidence and offers no argument to support his claim of Catholic persecution. So he has waived it. *See Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993). Even if not waived, that claim is purely factual, so we lack jurisdiction over it. *See Ilchuk v. Att'y Gen.*, 434 F.3d 618, 624 (3d Cir. 2006).

Sanchez also claims that the Board erred by failing to recognize his claimed social groups. We have jurisdiction over that claim. Whether a social group is cognizable is ultimately a question of law, though it involves factual findings too. *S.E.R.L. v. Att'y Gen.*,

8

894 F.3d 535, 542-43 (3d Cir. 2018). So we have jurisdiction to review that legal question.

Particular social groups count only if the relevant country perceives that group "as a distinct segment of the population." *S.E.R.L.*, 894 F.3d at 545; *accord id. at* 556. So the group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Id.* at 547 (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)).

Sanchez claims membership in two groups: those with severely disabled children, and those who are "Americanized" and cannot speak or understand Spanish well. Pet. Br. 25. But he did not raise any claim based on his disabled child before the immigration judge. The Board thus found that he had waived it. We will not disturb that finding.

As for the latter group, the Board found that it is neither particular nor socially distinct. We agree. There is no evidence that Mexicans view those who are "Americanized" and cannot speak Spanish well as a discrete segment of the population. So Sanchez is not a member of a particular social group and cannot get asylum or withholding.

## IV. WE LACK JURISDICTION OVER THE CONVENTION AGAINST TORTURE CLAIM

Finally, Sanchez seeks relief under the Convention Against Torture. He argues only that he will be tortured, but identifies no legal error in the Board's analysis. So that claim is purely factual and beyond our jurisdiction. 8 U.S.C. § 1252(a)(2)(C).

\* \* \* \* \*

Our nation has long condemned sexual conduct with minors. The first paragraph of New Jersey's law expresses that condemnation and thus defines a crime of moral turpitude.

So Sanchez is ineligible for cancellation of removal. And he cannot obtain asylum, withholding of removal, or relief under the Convention. He has waived one of his claims, we lack jurisdiction over others, and the remaining one fails because he is not a member of a particular social group. So we will deny the petition in part and dismiss it in part.