**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3511
_____

RAJENDRASINH BABUBHAI MAKWANA,

Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,

Respondent
_____

On Petition for Review of a Decision
and Order of the Board of Immigration Appeals
BIA No. A088-143-880
Immigration Judge:  Honorable Andrew Arthur
_____

Argued October 8, 2013

Before:  FUENTES, GREENBERG, and BARRY, *Circuit Judges*.

(Opinion Filed: October 30, 2013)


Thomas M. Griffin, Esq. **[ARGUED]**
Surin & Griffin, P.C.
325 Chestnut Street, Ste 1305-P
Philadelphia, PA 19106

    *Attorney for Petitioner*

Stuart F. Delery, Esq.
Acting Assistant Attorney General
U.S. Department of Justice, Civil Division
Office of Immigration Litigation

P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044


Ada E. Bosque, Esq.
Daniel E. Goldman, Esq.
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044


Eric W. Marsteller, Esq. **[ARGUED]**
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044

*Attorneys for Respondent*

_____

OPINION OF THE COURT
_____

FUENTES, *Circuit Judge*:

Rajendrasinh Makwana petitions for review of his final order of removal. Makwana, a citizen and native of India, was convicted of computer intrusion in violation of federal law. An Immigration Judge ("IJ") subsequently ordered Makwana removed as an alien convicted of a crime involving moral turpitude ("CIMT"). *See* 8 U.S.C. § 1227(a)(2)(A)(i). In affirming the IJ's ruling that Makwana was convicted of a CIMT, the Board of Immigration Appeals ("BIA") looked beyond Makwana's statute of conviction and impermissibly reviewed his indictment and the facts underlying his criminal case. Therefore, we grant Makwana's petition for review, vacate the BIA's

ruling that he is removable for having been convicted of a CIMT, and remand the case to the BIA.

## I.

Makwana entered the United States in March 2008 as a nonimmigrant worker with authorization to remain in the country until March 2010. On December 17, 2010, Makwana was convicted after trial in the United States District Court for the District of Maryland of one count of "computer intrusion" in violation of former 18 U.S.C. §§ 1030(a)(5)(A)(i) and (a)(5)(B)(i) (2002).[1]

While Makwana was serving a term of imprisonment, the Department of Homeland Security served Makwana with a Notice to Appear ("NTA") in Immigration Court. The NTA charged Makwana as removable on three bases: (1) for overstaying his authorized period, in violation of 8 U.S.C. § 1227(a)(1)(B); (2) for failing to maintain or comply with the conditions of the nonimmigrant status under which he was admitted, in violation of 8 U.S.C. § 1227(a)(1)(C)(i); and (3) for having been convicted of a CIMT, committed within five years after his admission, for which a sentence of one year or longer may be imposed, in violation of 8 U.S.C. § 1227(a)(2)(A)(i).

In his decision order, the IJ sustained all three charges of removability and ordered Makwana removed to India. Makwana appealed, and the BIA issued its own decision on the merits, which upheld the three charges of removability. In evaluating whether Makwana's conviction for computer intrusion constituted a CIMT, the BIA expressly

---

[1] This statute is now codified at 18 U.S.C. §§ 1030(a)(5)(A) and (c)(4)(A)(i)(I) (2008).

3

referenced Makwana's indictment, stating that "the respondent's indictment describes the critical role of Fannie Mae, the victim of the respondent's crime, in providing 'liquidity and stability to the U.S. housing and mortgage markets.'" A.R. 4 (quoting Indictment ¶ 2). Additionally, the BIA considered the "nature of the affected computer." A.R. 4. The BIA reasoned that, "[g]iven the nature of the affected computer, the crime of computer intrusion threatens significant societal harm." A.R. 4. The BIA concluded that the "combination of knowing conduct, specific intent to cause damage, and the adverse societal consequences of the intended damage render the respondent's crime inherently base and morally reprehensible. . . . Intentionally causing damage that can have a significant societal impact is contrary to the duties we owe one another in society." A.R. 4. Based on this reasoning, the BIA upheld the IJ's finding that Makwana was removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(i).

Makwana filed a petition for review. He concedes that he is removable on the two non-criminal charges, and he challenges only the BIA's finding that he is removable for having been convicted of a CIMT.[2]

## II.

As a threshold matter, the Government argues that we should deny the petition for review and uphold the removal order based on the BIA's uncontested findings regarding

---

[2] We have jurisdiction pursuant to 8 U.S.C. §§ 1252(a) and (b)(2). Where, as in this case, "the BIA issues its own decision on the merits, rather than a summary affirmance, we review its decision, not that of the IJ." *Hanif v. Att'y Gen.*, 694 F.3d 479, 483 (3d Cir. 2012) (citation omitted). Where, as here, the BIA is interpreting federal criminal laws, we review the agency's decision *de novo*. *Knapik v. Ashcroft*, 384 F.3d 84, 88 (3d Cir. 2004) (citation omitted).

4

Makwana's non-criminal grounds of removability. Contrary to the Government's argument, it is necessary to review the BIA's ruling that Makwana was convicted of a CIMT. This ruling triggers a permanent bar to readmission, *see* 8 U.S.C. § 1182(a)(2)(A)(i)(I), whereas the BIA's uncontested findings regarding Makwana's non-criminal grounds of removability do not render Makwana permanently inadmissible.

## III.

We apply the categorical approach to determine whether an individual's conviction constitutes a CIMT. *Jean-Louis v. Att'y Gen.*, 582 F.3d 462, 465 (3d Cir. 2009). The categorical approach requires courts to "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—*i.e.*, the offense as commonly understood." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013).

Under limited circumstances, courts are permitted to apply a variant of the categorical approach known as the "modified categorical approach." The modified categorical approach allows courts to look beyond the statutory elements and consult the record of conviction when the underlying criminal statute "renders opaque which element played a part in the defendant's conviction." *Id.* at 2283. The record of conviction "includes the indictment, plea, verdict, and sentence." *Partyka v. Att'y Gen.*, 417 F.3d 408, 416 (3d Cir. 2005) (citation omitted). Courts are authorized to use the modified categorical approach only where the relevant conviction was for violating a so-called "divisible statute." *Descamps*, 133 S. Ct. at 2281-82.

A divisible statute is a statute that sets forth one or more elements of the crime in

the alternative. *Id.* at 2281. Conversely, a statute is indivisible if it does not contain alternative elements. *Id.* This Court has held that, for purposes of considering whether a conviction is for a CIMT, a statute of conviction is "divisible" when it defines "variations of the same offense, some of which would constitute a CIMT and others of which would not." *Jean-Louis*, 582 F.3d at 474 n.16.

In the instant case, the BIA decided, without explanation, that Makwana's statute of conviction was divisible and consequently applied the modified categorical approach. The relevant statute of conviction reads as follows:

> (a) Whoever . . . (5)(A)(i) knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer . . . [and] (B) by conduct described in [(a)(5)(A)(i)] caused (or, in the case of an attempted offense, would, if completed, have caused) — (i) loss to 1 or more persons during any 1-year period (and, for purposes of an investigation, prosecution, or other proceeding brought by the United States only, loss resulting from a related course of conduct affecting 1 or more other protected computers) aggregating at least $5,000 in value . . . shall be punished as provided in subsection (c) of this section.

18 U.S.C. §§ 1030(a)(5)(A)(i) and (a)(5)(B)(i). 18 U.S.C. § 1030(c)(4)(A), the penalty provision cited in Makwana's Judgment of Conviction, allows for a fine and imprisonment of up to ten years. Because Makwana's statute of conviction does not contain alternative elements, some of which constitute a CIMT and some of which do not, it is clearly indivisible. Accordingly, the BIA erred by applying the modified categorical approach instead of the categorical approach.

Moreover, the BIA erred by relying upon Makwana's indictment and the facts of his criminal case to determine whether his conviction constituted a CIMT. The

6

categorical approach prohibits any inquiry beyond the statute of conviction. *See, e.g.*, *Rojas v. Att'y Gen.*, 728 F.3d 203, 215 (3d Cir. 2013) ("It is . . . a fundamental rule that courts applying the categorical approach may not delve into the particular facts of a conviction to ascertain if there is a proper fit."); *Borrome v. Att'y Gen.*, 687 F.3d 150, 159 (3d Cir. 2012) (rejecting use of indictment to determine whether the conviction was for distributing a controlled substance, since the categorical approach applied); *Singh v. Ashcroft*, 383 F.3d 144, 154 (3d Cir. 2004) (rejecting use of factual record to determine and use the age of the victim against the alien, since the categorical approach applied).

Here, the BIA impermissibly reviewed the indictment for information about Makwana's crime victim and the affected computer. For example, the BIA turned to the record and stated that "the respondent's indictment describes the critical role of Fannie Mae, the victim of the respondent's crime." A.R. 4. The BIA even quoted the indictment verbatim, writing that Fannie Mae's critical role is to provide "liquidity and stability to the U.S. housing and mortgage markets." A.R. 4 (quoting Indictment ¶ 2). By reviewing Makwana's indictment and the facts underlying his conviction, the BIA exceeded the boundaries of the categorical approach.

Given the agency's errors, we vacate the BIA's ruling with respect to Makwana's criminal ground of removability and remand this case to the BIA. On remand, the BIA must confine itself to reviewing Makwana's statute of conviction. In particular, the BIA must consider whether "'the least culpable conduct necessary to sustain a conviction under the statute' can be considered morally turpitudinous." *Mehboob v. Att'y Gen.*, 549 F.3d 272, 275 (3d Cir. 2008) (quoting *Partyka*, 417 F.3d at 411). As the Supreme Court

7

recently reaffirmed in *Moncrieffe v. Holder*, the categorical approach demands that courts "focus on the minimum conduct criminalized" by the statute of conviction. 133 S. Ct. 1678, 1684-85 (2013). Because courts must examine what the "conviction necessarily involved, not the facts underlying the case," courts "must presume that the conviction 'rested upon [nothing] more than the least of th[e] acts' criminalized, and then determine whether even those acts are encompassed by the generic federal offense." *Id.* at 1684 (alteration in original) (citing *Johnson v. United States*, 559 U.S. 133, 137 (2010)).

In his petition for review, Makwana poses two hypothetical examples that, he contends, represent non-turpitudinous conduct that could be criminalized under 18 U.S.C. §§ 1030(a)(5)(A)(i) and (a)(5)(B)(i). The first example involves an employee of a financial institution who commits an office prank on two co-workers by entering a code into a human resources computer. *See* Pet'rs Br. at 23. The second example involves an employee of a financial institution who deletes personal data about himself and his family that he believes his department is wrongfully retaining. *See* Pet'rs Br. at 24. In both instances, the employer must pay $5,000 to detect and fix the damage caused by the employee's conduct. We urge the BIA to consider these hypothetical examples as it evaluates whether the least culpable conduct criminalized under Makwana's statute of conviction qualifies as morally turpitudinous conduct.

**IV.**

For the foregoing reasons, we grant the petition for review, vacate the BIA's ruling that Makwana is removable for having been convicted of a CIMT, and remand the case to the BIA for further proceedings consistent with this opinion.