**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1472
_____

RAJENDRASINH BABUBHAI MAKWANA,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A088-143-880)
Immigration Judge:  Honorable Andrew R. Arthur

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 21, 2015
Before:  CHAGARES, JORDAN and NYGAARD, Circuit Judges

(Opinion filed: July 21, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se petitioner Rajendrasinh Makwana petitions for review of the Board of Immigration Appeals' ("BIA") final order of removal. We will grant the petition, and remand to the BIA for further proceedings.

## I.

Makwana is a citizen of India who was admitted to the United States as an H-IB nonimmigrant worker with authorization to remain until March 12, 2010. His then-employer, Marlabs, Inc. ("Marlabs"), had previously filed a visa petition for a prospective immigrant employee (Form I-140) on his behalf. It was approved in November 2006, and Makwana filed an application for adjustment of status to become a lawful permanent resident (Form I-485) in 2007.

In January 2009, Makwana was indicted in federal court for "computer intrusion" in violation of former 18 U.S.C. § 1030(a)(5)(A)(i) and (a)(5)(B)(i). On February 5, 2009, the United States Citizenship and Immigration Services ("USCIS") notified him that his H-1B visa had been revoked because Marlabs had withdrawn its petition on his behalf. In July 2009, Makwana accepted a job with a different company, and notified USCIS of his change of employment so that he could transfer, or "port," his I-140 petition. See 8 U.S.C. § 1154(j) (stating that an I-140 petition "for an individual whose application for adjustment of status . . . has . . . remained unadjudicated for 180 days or more shall remain valid with respect to a new job if the individual changes jobs or

2

employers if the new job is in the same or a similar occupational classification"). However, USCIS revoked his I-140 petition on September 29, 2009, because Marlabs withdrew its support.

On February 23, 2010, USCIS denied Makwana's I-485 application for adjustment of status based on the September 2009 revocation of his I-140 petition. Makwana filed a motion with USCIS to reconsider the denial of his I-485 petition, asserting that he had "ported" his valid I-140 visa. His motion was denied on November 8, 2010. USCIS agreed that Makwana's I-140 visa remained valid, but determined that he was inadmissible under "Section 212(a)(2)(A)(i)(I) of the Act for his conviction of Computer Intrusion, a crime involving moral turpitude [("CIMT")], on October 4, 2010."[1] (A.R. 000035.) On November 23, 2010, USCIS notified Makwana that his employment authorization had been denied because he was not eligible due to the denial of his I-485 petition.

On December 17, 2010, Makwana was convicted of the computer intrusion charge and was thereafter sentenced to 41 months' imprisonment. (A.R. 000218-27.) DHS began removal proceedings in December 2011, charging Makwana as removable under 8 U.S.C. § 1227(a)(1)(B) (for remaining in the United States for longer than permitted), 8 U.S.C. § 1227(a)(1)(C)(i) (for failing to maintain or comply with the conditions of his

---

[1] It is unclear how USCIS based its November 2010 decision on his conviction, which did not occur until December 2010. (A.R. 000218-27.)

nonimmigrant status), and 8 U.S.C. § 1227(a)(2)(A)(i)(I) (for being convicted of a CIMT committed within five years after admission, for which a sentence of one year or longer may have been imposed). Makwana conceded the first two charges and argued only that his conviction was not for a CIMT.

The Immigration Judge ("IJ") sustained all charges of removability, and the BIA dismissed Makwana's appeal. We then granted Makwana's petition for review after determining that the BIA improperly applied the modified categorical approach to determine that Makwana's conviction was a CIMT. We vacated the BIA's ruling that Makwana was removable for having been convicted of a CIMT, and remanded the case for further proceedings. Makwana v. Att'y Gen., 543 F. App'x 186 (3d Cir. 2013).

On remand, Makwana asserted that his offense did not constitute a CIMT, and also requested that the BIA remand the case to the IJ for adjudication of his application for adjustment of status, as he claimed that he is eligible for such relief because he has a valid I-140 petition, and because a visa is immediately available to him. In November 2014, the BIA determined that Makwana was not removable under 8 U.S.C. § 1227(a)(2)(A)(i), as his offense was not a CIMT. However, it did not alter its decision that Makwana remained removable under 8 U.S.C. §§ 1227(a)(1)(B) and (a)(1)(C).

The BIA then considered Makwana's request to remand the case to the IJ so that he could pursue his application for adjustment of status. The BIA explained that

Makwana believed that he had a valid, approved employment-based visa petition (his I-140), because he could "port that visa petition to his subsequent employer under 8 U.S.C. §1154(j)." In determining that that this avenue of relief was not available to Makwana, the BIA relied on the following facts: (1) he was fired by Marlabs in January 2009, (2) his I-140 petition was revoked on February 5, 2009, and (3) he did not specify when he was hired by his next employer. The BIA then stated that

> [h]aving not asserted and shown that he was hired within the narrow time frame between his termination by the petitioning employer and the revocation of the visa petition, he has not shown that he would be able to port the visa petition even if it were otherwise portable under section 204(j) of the Act. Thus, he has not shown that he has a visa immediately available, and is not eligible for adjustment of status. We will therefore deny the motion to remand.

(A.R. 000041.)

Makwana thereafter filed a timely motion for reconsideration, arguing that the BIA had relied on a factual error in denying his motion to remand. In particular, he asserted that the BIA's statement that his I-140 petition had been revoked on February 5, 2009, was incorrect, as it had actually not been revoked until September 29, 2009. Further, he asserted that he had been hired by another company before his I-140 petition had been revoked, and that the basis for the BIA's decision that he was not eligible to port his visa—i.e., his purported failure to show that he had been hired between his termination and the revocation of his visa—was mistaken.

5

On February 3, 2015, the BIA denied Makwana's motion for reconsideration.  The BIA did not acknowledge Makwana's arguments and instead merely stated without explanation that he did not "reveal a factual or legal aspect of [his] case that was improperly overlooked," and he did not "present a new argument that persuade[d] it to alter" its prior decision.  (A.R. 000005.)

Makwana has now filed a petition for review, which the Government opposes.

II.

We have jurisdiction to review final orders of the BIA pursuant to 8 U.S.C. § 1252.  Here, we have jurisdiction over only the BIA's decision denying Makwana's motion to reconsider.  See Stone v. INS, 514 U.S. 386, 398-99 (1995) (holding that a timely motion to reopen or reconsider does not toll the deadline for seeking review of the BIA's underlying removal order).  We review the BIA's denial of reconsideration for abuse of discretion and will not disturb it unless it was "arbitrary, irrational, or contrary to law."  Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005).

A motion to reconsider before the BIA is a "request that [it] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked."  In re Ramos, 23 I & N Dec. 336, 338 (BIA 2002) (en banc) (quotation marks omitted).  Such motions shall "state the reasons for the motion by specifying the errors of fact or law in the prior . . . decision and shall be supported by

pertinent authority." 8 C.F.R. § 1003.2(b)(1); <u>see</u> 8 U.S.C. § 1229a(c)(6)(C).

Here, Makwana's motion to reconsider was based on a factual error made by the BIA when it denied his motion to remand. That is, he argued—and submitted evidence in support thereof—that the BIA erred by stating that his I-140 visa was revoked on February 5, 2009, when, in fact, it was revoked on September 29, 2009. Makwana's argument was correct, a point that the Government concedes. However, it argues that this was not a significant error warranting reconsideration.

We disagree. The error concerning the date of the I-140 petition's revocation was key to the BIA's determination that he could not "port" his visa, and thus that he did not have "a visa immediately available to him, and is not eligible for adjustment of status." Because of the erroneous determination that his petition was revoked on February 5, 2009, and its factual determination that he had not obtained a new job before that date, the BIA declined to remand Makwana's case to the IJ.

Thus, the arguments in Makwana's motion to reconsider concerning the date of the revocation of his I-140 visa were not misplaced, and the BIA abused its discretion by denying the motion without even acknowledging, much less addressing, these arguments. Further, although the Government correctly argues that immigration proceedings are subject to harmless error analysis, it is not applicable here, as we cannot say that "it is

7

highly probable that the error did not affect the outcome of the case."[2]   See <u>Yuan v. Att'y Gen.</u>, 642 F.3d 420, 427 (3d Cir. 2011).  In particular, we decline to address the Government's alternative arguments in the first instance.

We therefore grant the petition for review, and remand the case to the BIA for further proceedings consistent with this opinion.  Makwana's motion for leave to file a supplemental appendix containing material outside the administrative record is denied.

---

[2] We do not express an opinion on whether the BIA should grant Makwana's request to remand the case to the IJ or whether Makwana is eligible to adjust his status.  We hold only that the BIA abused its discretion in denying Makwana's motion for reconsideration without addressing Makwana's arguments regarding its factual error—and the inferences derived therefrom—concerning the date that his I-140 petition was revoked.