**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1974
_____

EMILIO FABIAN MORENO,
AKA Emilio Fabian Acuna Moreno,
AKA Emilio Fabian Acuna,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF
AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of
the Board of Immigration Appeals
(Agency Case No. A204-209-869)
Immigration Judge:
Honorable Kuyomars Q. Golparvar
_____

Argued November 14, 2017
_____

Before: VANASKIE, SHWARTZ, and FUENTES
*Circuit Judges*

(Opinion Filed: April 9, 2018)

Wayne P. Sachs, Esq. [**Argued**]
1518 Walnut Street
Suite 702
Philadelphia, PA 19102
        *Counsel for Petitioner*

Jefferson B. Sessions, III, Esq.
Jaclyn E. Shea, Esq. [**Argued**]
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044
        *Counsel for Respondent*

_____

OPINION

_____

VANASKIE, *Circuit Judge*.

Petitioner Emilio Fabian Moreno was ordered removed to his native country of Argentina after the Board of Immigration Appeals found that his conviction for possession of child pornography under 18 Pa. Cons. Stat. § 6312(d) constituted a crime involving moral turpitude ("CIMT"). In his petition for review, Moreno argues that, under the categorical approach, the least culpable conduct hypothetically

necessary to sustain a conviction under § 6312(d) is not morally turpitudinous. We disagree. Pennsylvania's community consensus, as gauged by case law and legislative enactments, condemns the least culpable conduct punishable under § 6312(d) as morally turpitudinous. We therefore will deny Moreno's petition for review.

I.

Forty-nine-year-old petitioner Emilio Fabian Moreno, a native and citizen of Argentina, was admitted to the United States under a grant of humanitarian parole in May of 1980.[1] On August 4, 2015, Moreno pleaded guilty to one count of possession of child pornography under subsection (d) of Pennsylvania's "Sexual abuse of children" statute, 18 Pa. Cons. Stat. § 6312. The Philadelphia County Court of Common Pleas sentenced Moreno to five years of probation, ordered that he forfeit his computer, and required him to register as a sex offender. Moreno does not challenge his conviction.

The Department of Homeland Security ("DHS") initiated removal proceedings against Moreno on April 5, 2016, charging him as removable for having been convicted of a crime involving moral turpitude under 8 U.S.C. §

---

[1] Pursuant to 8 U.S.C. § 1182(d)(5)(A), "[t]he Attorney General may . . . in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States . . . ."

3

1182(a)(2)(A)(i)(I).[2] Moreno thereafter filed a Motion to Terminate Proceedings, challenging his removability on the ground that a conviction under § 6312(d) does not rise to the level of a CIMT. The Immigration Judge ("IJ") denied Moreno's motion and ordered him removed to Argentina.

Moreno then filed an appeal with the Board of Immigration Appeals ("BIA"). In a single-member, unpublished, non-precedential decision, the BIA rejected Moreno's contention that his conviction did not qualify as a CIMT. This timely appeal followed.

## II.

The BIA had appellate jurisdiction to review the IJ's order of removal pursuant to 8 C.F.R. § 1003.1(b)(3). We have jurisdiction to review Moreno's legal and constitutional challenges under 8 U.S.C. § 1252(a)(1).

Moreno's petition presents two issues for our consideration: (1) whether his conviction for possession of child pornography under 18 Pa. Cons. Stat. § 6312(d) renders him removable as an alien convicted of a CIMT; and (2) whether the statutory provision deeming aliens convicted of a CIMT inadmissible, as set forth in 8 U.S.C. §

---

[2] "[A]ny alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of--(I) a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime . . . is inadmissible." 8 U.S.C. § 1182(a)(2)(A)(i)(I).

1182(a)(2)(A)(i)(I), is void for vagueness under the Due Process Clause of the Fifth Amendment.

Where, as here, the BIA issues a written decision on the merits, "we review its decision, not that of the IJ." *Catwell v. Att'y Gen.*, 623 F.3d 199, 205 (3d Cir. 2010) (citing *Sheriff v. Att'y Gen.*, 587 F.3d 584, 588 (3d Cir. 2009)). We exercise *de novo* review over the BIA's determination that a conviction under 18 Pa Cons. Stat. § 6312(d) qualifies as a CIMT, *Baptiste v. Att'y Gen.*, 841 F.3d 601, 606 (3d Cir. 2016), as well as Moreno's due process challenge to the definition of CIMT, *Abdulrahman v. Ashcroft*, 330 F.3d 587, 595–96 (3d Cir. 2003) (citing *Lee Moi Chong v. I.N.S.*, 264 F.3d 378, 386 (3d Cir. 2001)). And while we ordinarily accord deference to "the BIA's determination that a certain crime involves moral turpitude," *Mehboob v. Att'y Gen.*, 549 F.3d 272, 275 (3d Cir. 2008) (footnote omitted) (citing *Knapik v. Ashcroft*, 384 F.3d 84, 88 (3d Cir. 2004)), such deference is not required where, as here, "we are asked to review an unpublished, non-precedential decision issued by a single BIA member." *Mahn v. Att'y Gen.,* 767 F.3d 170, 173 (3d Cir. 2014). "At most," the BIA's decision is "persuasive authority." *Id.* (citing *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)).

III.

A.

Under our precedent, we apply the categorical approach to determine whether moral turpitude inheres in a particular offense. *Partyka v. Att'y Gen.*, 417 F.3d 408, 411 (3d Cir. 2005) (internal citations omitted). Our inquiry proceeds in two steps. First, we must "ascertain the least culpable conduct hypothetically necessary to sustain a conviction under the

statute." *Jean-Louis v. Att'y Gen.*, 582 F.3d 462, 471 (3d Cir. 2009) (citing *Partyka*, 417 F.3d at 411). After making this determination, we must then ask whether the identified conduct is morally turpitudinous, *i.e.*, whether it is "inherently base, vile, or depraved; contrary to the accepted rules of morality and the duties owed other persons, either individually or to society in general." *Mehboob*, 549 F.3d at 275 (citing *Partyka*, 417 F.3d at 413). If so, then a conviction under 18 Pa. Cons. Stat. § 6312(d) qualifies as a CIMT.[3]

---

[3] We pause here to echo the concerns recently expressed by several of our colleagues about the application of the categorical approach. *See, e.g.*, *United States v. Lewis*, No. 16-4378, 2018 WL 317776, at *5 (3d Cir. Jan. 8, 2018) (Roth, J., concurring in the judgment) (emphasizing the incongruity of applying the categorical approach when the defendant has already admitted to the underlying facts in a guilty plea); *United States v. Chapman*, 866 F.3d 129, 136 (3d Cir. 2017) (Jordan, J., concurring in the judgment) (calling attention to "a consistently troubling feature" of the categorical approach, namely: "its requirement that judges ignore the real world"); *Lewis*, 2018 WL 317776, at *2 n.7 (majority opinion) (expressing agreement with Judge Roth's view concerning the "lack of reality" entailed in applying the categorical approach); *United States v. Oliver*, No. 17-2747, slip op. at n.3 (March 27, 2018) (noting the "lack of reality" associated with the categorical approach). As applied in the immigration context, the categorical approach requires us to undertake an academic thought experiment that bears no relation to the factual premise for the petitioner's underlying conviction. Here, it is not disputed that the Petitioner possessed child pornography. Yet, to quote Judge Jordan, we must nevertheless "ignore facts

Moreno's statute of conviction provides that a person is guilty of possessing child pornography if he or she "intentionally views or knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act . . . ." 18 Pa. Cons. Stat. § 6312(d). Moreno argues that the least culpable conduct hypothetically necessary to sustain a conviction under § 6312(d) is consensual "sexting" between an eighteen-year-old and a seventeen-year-old.[4]

A review of case law makes clear that an adult may indeed be convicted under § 6312(d) if found to be in possession of sexually explicit images of minor, even if the minor consents to the adult's possession of the images. *See Commonwealth v. Kitchen*, 814 A.2d 209, 211 (Pa. Super. Ct. 2002), *aff'd*, 839 A.2d 184 (Pa. 2003) (adult convicted under § 6312(d) for possessing "sexually explicit photographs of his

---

already known and proceed with eyes shut[,]" a course that requires us to theorize about hypothetical conduct that may or may not fall within the reach of the underlying statute at issue. *Chapman*, 866 F.3d at 138 (Jordan, J., concurring in the judgment). The categorical approach's disregard of the actual facts of a conviction fosters inconsonant results, and we would be remiss if we did not note our dismay at having to employ the categorical approach in this case.

[4] Sexting is "the practice of sending or posting sexually suggestive text messages and images, including nude or semi-nude photographs, via cellular telephones or over the Internet." *Miller v. Mitchell*, 598 F.3d 139, 143 (3d Cir. 2010).

sixteen-year-old paramour"). And although we have not uncovered a Pennsylvania decision that addresses the precise scenario outlined above—*i.e.*, where an eighteen-year-old is found to possess consensual, sexually explicit images of a seventeen-year-old—such exactitude is not required under our precedent; instead, we need only "ascertain the least culpable conduct *hypothetically* necessary to sustain a conviction" under § 6312(d). *Jean-Louis*, 582 F.3d at 471 (internal citation omitted) (emphasis added). To this end, it is sufficient that an eighteen-year-old, at the very least, faces the possibility of being charged under § 6312(d) for sexting with a minor. *See, e.g., Miller v. Mitchell*, 598 F.3d 139, 143 (3d Cir. 2010) (addressing threats made by a District Attorney to bring felony charges against high school students suspected of sexting).

Having identified the least culpable conduct necessary for conviction under § 6312(d), we must now assess whether such conduct qualifies as a CIMT under the INA. Moreno contends that possession of child pornography under § 6312(d) cannot be regarded as a crime involving moral turpitude because society would not find sexting between an eighteen-year-old and a seventeen-year-old to be morally reprehensible. A review of Pennsylvania case law and the Pennsylvania General Assembly's legislative enactments, however, suggests otherwise.

The Pennsylvania legislature has long held that "the inexperience of youth prevent[s] . . . intelligent judgment in matters of morality." *Commonwealth v. Collin*, 335 A.2d 383, 386 (Pa. 1975) (quoting *Commonwealth v. Blauvelt*, 140 A.2d 463, 467 (Pa. Super. Ct. 1958)); *see also Commonwealth v. Davidson*, 938 A.2d 198, 215 (Pa. 2007) ("There clearly is a compelling state interest in the protection and safeguarding of minors. The purpose of Section 6312 is plainly to protect

8

children, end the abuse and exploitation of children, and eradicate the production and supply of child pornography."). Indeed, the court in *Kitchen* relied upon this "protective" principle in rendering its decision, ultimately concluding that the defendant's "relationship with the victim . . . [was] no excuse for his behavior." 814 A.2d at 213–14. There, the defendant was charged with possession of child pornography after taking "pornographic pictures" of his then-sixteen-year-old girlfriend. *Id*. at 211–13. In upholding his conviction, the court observed that, under Pennsylvania law, "the consent of a child victimized by having pornographic pictures taken of him/her [was] . . . 'of no moment.'" *Id*. at 213 (quoting *Collin*, 335 A.2d at 386). "Clearly," the court wrote, "no one can legally take pornographic photographs of a child, regardless of whether the child consents." *Id*.

The notion that Pennsylvania considers an adult's act of sexting with a minor to be morally turpitudinous is reinforced by the General Assembly's enactment of 18 Pa. Cons. Stat. § 6321. Passed in 2012, § 6321 downgraded the transmission and possession of "sexually explicit images" from a felony to a misdemeanor or summary offense if the crime is committed by a minor between the ages of twelve and seventeen. Notably absent from the statute's purview are eighteen-year-olds. Had the legislature viewed an eighteen-year-old's possession of sexually explicit images of a minor to be deserving of a lesser charge, it could have crafted the sexting statute accordingly. Yet, the legislature unequivocally excluded eighteen-year-olds from § 6321's reach, opting instead to leave them within the felony-level ambit of § 6312.

What is clear from the foregoing analysis is that, in Pennsylvania, courts and legislators alike have taken a hard-lined stance when it comes to safeguarding minor victims of

9

sexual abuse. From this consensus, we conclude that, regardless of the circumstance, Pennsylvania's accepted rules of morality are violated when an adult possesses sexually explicit images of a minor. We therefore reject Moreno's argument and conclude that the least culpable conduct hypothetically necessary to sustain a conviction under 18 Pa. Cons. Stat. § 6312(d) constitutes a CIMT pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(I).

B.

Moreno next argues that his conviction for possession of child pornography under 18 Pa. Cons. Stat. § 6312(d) cannot serve as the basis for his removal because the definition of CIMT is void for vagueness. We disagree.

"The Due Process Clause precludes the government from taking away a person's life, liberty, or property under a statute 'so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement.'" *Baptiste*, 841 F.3d at 615 (quoting *Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015)). Because vagueness challenges are evaluated "on a case by case basis[,]" we must examine 8 U.S.C. § 1182(a)(2)(A)(i)(I) to determine whether the statute "is vague as applied" to Moreno. *San Filippo v. Bongiovanni*, 961 F.2d 1125, 1136 (3d Cir. 1992) (citing *United States v. Mazurie*, 419 U.S. 544, 550 (1975)).

Our vagueness inquiry is guided by the Supreme Court's decision in *Jordan v. De George*, 341 U.S. 223 (1951). There, an alien twice convicted of fraud and tax evasion was subject to deportation pursuant to a predecessor version of the INA that authorized removal for "crimes involving moral

10

turpitude." *Id*. at 224–25. Raising the constitutional issue of vagueness *sua sponte*, the Court held that the phrase "crime involving moral turpitude" was not void for vagueness because it complied with "[t]he essential purpose of the 'void for vagueness' doctrine[,]" *i.e.*, it "warn[ed]" the defendant that, were he to commit a crime "in which fraud was an ingredient[,]" then the "statutory consequence" of his conviction would be deportation. *Id*. at 229–32. For the Court, "the adequacy of [the CIMT] standard" in the immigration context was strengthened by the "significant" fact that "the phrase ha[d] been part of the immigration laws for more than sixty years[,]" and no court had ever "[held] that the phrase [was] vague" or otherwise suggested that "the phrase [was] so meaningless as to be a deprivation of due process." *Id*. at 229–30, 232.

The same rationale holds true today. We have consistently defined a morally turpitudinous offense to be one "that is inherently base, vile, or depraved, contrary to the accepted rules of morality and the duties owed other persons, either individually or to society in general." *Knapik*, 384 F.3d at 89. Applying this definition here, it is clear that "[w]hatever else the phrase 'crime involving moral turpitude' may mean in peripheral cases," *Jordan*, 341 U.S. at 232, it is readily apparent that crimes involving possession of child pornography and sexual abuse of children are morally turpitudinous. *See, e.g.*, *Totimeh v. Att'y Gen.*, 666 F.3d 109, 116 (3d Cir. 2012) ("Sexual assault, child abuse, and spousal abuse are no doubt inherently vile and elicit strong outrage."); *United States v. Santacruz*, 563 F.3d 894, 897 (9th Cir. 2009) ("We hold that knowing possession of child pornography is a crime involving moral turpitude."). Thus, like the Supreme Court in *Jordan*, we conclude "that Congress sufficiently

11

forewarned [the Petitioner] that the statutory consequence" of possessing child pornography is deportation.  341 U.S. at 232.

## IV.

For the foregoing reasons, Moreno's petition for review is denied.