NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1399
_____

MANUEL CASTILLO-LOPEZ,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,

Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A200-864-012)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 6, 2018

Before: HARDIMAN, KRAUSE, and GREENBERG, *Circuit Judges*.

(Filed: November 8, 2018)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Manuel Castillo-Lopez petitions for review of a decision of the Board of Immigration Appeals. The BIA deemed Castillo-Lopez ineligible for cancellation of removal because his New Jersey criminal conviction was a crime involving moral turpitude (CIMT) under 8 U.S.C. § 1182(a)(2)(A)(i)(I). For the reasons that follow, we will deny the petition for review.

I[1]

In 2012, Castillo-Lopez was convicted of aggravated assault after he recklessly caused bodily injury to a uniformed police officer in violation of N.J. Stat. § 2C:12-1b(5)(a). Applying the modified categorical approach, the BIA deemed that conviction a CIMT, which made Castillo-Lopez ineligible for cancellation of removal. In his petition for review, Castillo-Lopez offers three challenges which we will address in turn.

A

Castillo-Lopez first claims N.J. Stat. § 2C:12-1b(5) is indivisible and thus not categorically a CIMT. This argument is foreclosed by our decision in *United States v. Abdullah*, -- F.3d --, 2018 WL 4702225, at \*4 (3d Cir. Oct. 2, 2018). In that case, we stated that § 2C:12-1b not only is divisible into three alternative degrees of conduct, but

---

[1] Whether Castillo-Lopez's crime of conviction was a CIMT is a question of law, which we have jurisdiction to review under 8 U.S.C. § 1252(a)(2)(D). *See Mayorga v. Att'y Gen.*, 757 F.3d 126, 128 n.2 (3d Cir. 2014). We review de novo the BIA's unpublished, single-member decision, which is not entitled to *Chevron* deference. *See Mahn v. Att'y Gen.*, 767 F.3d 170, 173 (3d Cir. 2014).

2

is also "further divisible into a number of different third-degree aggravated assault offenses." *Id.* And, as in *Abdullah*, the Model Criminal Jury Charge for § 2C:12-1b(5) indicates that New Jersey treats subsections (5)(a) through (5)(k) as separate elements. *See id.* (considering New Jersey's jury instructions to determine whether § 2C:12-1b is divisible among subsections); New Jersey Model Jury Charges (Criminal), "Aggravated Assault - Upon Law Enforcement Officer (Attempting to Cause or Purposely, Knowingly or Recklessly Causing Bodily Injury) (N.J.S.A. 2C:12-1b(5)(a), (b), (c), (d), (e), (f), (g))" (revised Dec. 3, 2001) n.1 (noting that the model jury instruction is drafted to address only aggravated assault against a law enforcement officer and that, if a different subsection is at issue, the jury instruction "must be adapted to fit the facts of [that] case"). Because the relevant state statute is divisible, the BIA did not err in applying the modified categorical approach to determine which subsection of § 2C:12-1b(5) Castillo-Lopez violated.

### B

Castillo-Lopez next argues that his conviction under § 2C:12-1b(5) is not a CIMT under the modified categorical approach. Castillo-Lopez concedes, as he must, that a review of his plea colloquy indicates that he violated subsection (a) of § 2C:12-1b(5) because he recklessly caused bodily injury to a "law enforcement officer acting in the performance of his duties while in uniform or exhibiting evidence of his authority." N.J. Stat. Ann. § 2C:12-1b(5)(a) (West 2010) (effective Jan. 4, 2011 through April 19, 2012).

3

The crux of Castillo-Lopez's argument is that he committed a simple assault, which is typically not a CIMT. And he argues the fact that his victim was a law enforcement officer does not make his crime turpitudinous, even though New Jersey law elevated the crime to aggravated assault based on the status of the victim. We are unpersuaded by this argument.

"[T]he hallmark of moral turpitude is a reprehensible act committed with an appreciable level of consciousness or deliberation." *Partyka v. Att'y Gen.*, 417 F.3d 408, 414 (3d Cir. 2005). In our prior analysis of the statute at issue here, we stated (in dicta) that we would affirm a finding of moral turpitude for an intentional, knowing, or *reckless* infliction of bodily injury to a law enforcement officer. *See id.* at 416. And we have observed elsewhere as well that certain serious criminal conduct committed recklessly may reflect moral turpitude. *See Totimeh v. Att'y Gen.*, 666 F.3d 109, 114 (3d Cir. 2012). In view of our prior decisions, we hold that the BIA did not err when it concluded that Castillo-Lopez is ineligible for cancellation of removal for having committed a CIMT.

C

Finally, Castillo-Lopez contends that the CIMT statute (8 U.S.C. § 1182(a)(2)(A)(i)(I)) is void for vagueness as applied to him. This argument is foreclosed by our decision in *Moreno v. Attorney General*, where we rejected a vagueness challenge to the same statute and emphasized that we have "consistently defined" the bounds of moral turpitude. 887 F.3d 160, 166 (3d Cir. 2018). Moreover, Castillo-Lopez cannot credibly claim he lacked fair notice of the CIMT standard when

4

we first recognized his crime a CIMT in 2005, well before his conviction. *See Partyka*, 417 F.3d at 416.

*     *     *

For the reasons stated, we will deny Castillo-Lopez's petition for review.