NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 17-1613

———————

ZAKARIA SHERIFF,

Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,

Respondent

———————

On Petition for Review of a Decision
and Order of the Board of Immigration Appeals
(BIA-1: A060-519-204)
Immigration Judge: Honorable Walter Durling

———————

Argued on September 11, 2019

BEFORE: HARDIMAN, GREENAWAY, JR., and BIBAS, *Circuit Judges*

(Opinion Filed: October 21, 2019)

Benjamin M. Daniels **(ARGUED)**
Tadhg Dooley
Wiggin and Dana LLP
One Century Tower
265 Church Street, P.O. Box 1832
New Haven, CT 06508
      *Counsel for Petitioner*

Linda Y. Cheng
Joseph H. Hunt
Anthony P. Nicastro
Jonathan A. Robbins **(ARGUED)**

United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, D.C. 20044
    *Counsel for Respondent*

————————

OPINION[*]

————————

HARDIMAN, *Circuit Judge*.

Zakaria Sheriff petitions for review of the decision of the Board of Immigration

Appeals. The BIA dismissed Sheriff's appeal from the decision of the Immigration Judge

finding him removable as an alien convicted of a crime involving moral turpitude

(CIMT) committed within five years of the date of his admission to the United States. We

will deny Sheriff's petition for review.

I

Sheriff immigrated to the United States from Guinea on July 26, 2009. In

December 2013, he was convicted of two counts of attempted criminal simulation in

Tennessee.[1] In June 2015, Sheriff was convicted of theft by deception in violation of 18

PA. CONS. STAT. § 3922(a)(1) and conspiracy to commit theft by deception in violation of

18 PA. CONS. STAT. § 903(c), based on conduct that occurred in Pennsylvania on

September 22, 2013. Sheriff was served with a notice to appear and admitted the

———————————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
    [1] TENN. CODE ANN. §§ 39-14-115 (Criminal Simulation), 39-12-101 (Criminal Attempt).

2

allegations therein while denying the charge of removability. Considering both the Tennessee and the Pennsylvania convictions, the IJ found Sheriff removable under 8 U.S.C. § 1227(a)(2)(A)(i) and (ii). On appeal to the BIA, Sheriff argued that neither the Tennessee nor the Pennsylvania convictions are for CIMTs. The BIA concluded that the Pennsylvania theft by deception offense is a CIMT and sustained removability under 8 U.S.C. § 1227(a)(2)(A)(i).[2]

## II

We have jurisdiction to review the BIA's final order of removal under 8 U.S.C. § 1252(a)(1). "Where, as here, the BIA issues a written decision on the merits, we review its decision and not the decision of the IJ." *Baptiste v. Att'y Gen.*, 841 F.3d 601, 605 (3d Cir. 2016) (internal quotation marks and citation omitted). Because the BIA's determination was made in "an unpublished, non-precedential decision issued by a single BIA member, we do not accord that determination any deference." *Id.* at 606. "At most, [such] decisions are persuasive authority." *Mahn v. Att'y Gen.*, 767 F.3d 170, 173 (3d Cir. 2014).

## III

Sheriff first challenges the BIA's determination that his Pennsylvania theft by deception conviction is for a CIMT. Usually, the two-step categorical approach

---

[2] The BIA first remanded Sheriff's case to the United States District Court for the Middle District of Pennsylvania in light of new evidence that Sheriff derived U.S. citizenship from his father. Because Sheriff entered into a consent judgment finding that he was not a U.S. citizen, we do not consider that issue. This matter comes to us after the BIA's second review.

determines whether a conviction is for a CIMT. *Moreno v. Att'y Gen.*, 887 F.3d 160, 163 (3d Cir. 2018). First, we "ascertain the least culpable conduct hypothetically necessary to sustain a conviction under the statute." *Jean-Louis v. Att'y Gen.*, 582 F.3d 462, 471 (3d Cir. 2009) (internal citation omitted). We then determine whether this conduct is "inherently base, vile, or depraved; contrary to the accepted rules of morality and the duties owed other persons, either individually or to society in general." *Mehboob v. Att'y Gen.*, 549 F.3d 272, 275 (3d Cir. 2008) (internal citation omitted). If it is, then the conviction qualifies as a CIMT. *Moreno*, 887 F.3d at 163.

In cases where the statute of conviction is divisible, a "modified categorical approach" is used instead. *United States v. Ramos*, 892 F.3d 599, 606–07 (3d Cir. 2018) (quoting *Descamps v. United States*, 570 U.S. 254, 257 (2013)). Under this approach, we inquire into the record of conviction "solely to determine the particular subpart under which the alien was convicted." *Jean-Louis*, 582 F.3d at 474 n.16 (citing *Partyka v. Att'y Gen.*, 417 F.3d 408, 416 (3d Cir. 2005)). The analysis then proceeds in the same manner as under the traditional categorical approach.

The parties dispute whether the categorical or modified categorical approach applies in this case under *Mathis v. United States*, 136 S. Ct. 2243 (2016).[3] The

---

[3] *Mathis* identified three methods for determining whether the items listed in a statute are elements or means—in other words, whether the statute is divisible. First, a court should "ascertain whether 'a state court decision definitively answers the question.'" *United States v. Henderson*, 841 F.3d 623, 628 (3d Cir. 2016) (quoting *Mathis*, 136 S. Ct. at 2256). Second, a court "may look to 'the statute on its face.'" *Id.* Finally, "if state law fails to provide clear answers," the court "may look to the 'record of a prior conviction itself.'" *Id.* Sheriff and the Government disagree about whether the *Mathis* methods must be followed in order. Sheriff insists that the steps are sequential

disposition of this case does not require us to decide that dispute because we previously analyzed the entire statute at issue. *Nugent v. Ashcroft*, 367 F.3d 162 (3d Cir. 2004) (overruled on other grounds by *Al-Sharif v. U.S.C.I.S.*, 734 F.3d 207 (3d Cir. 2013) (en banc)). Although *Nugent* was not deciding a moral turpitude question, we there concluded after extensive analysis that § 3922(a) is "bottomed on 'fraud or deceit.'" *Nugent*, 367 F.3d at 179. And Supreme Court precedent (and our own case law) hold that crimes "in which fraud is an ingredient" form the core of moral turpitude cases. *Jordan v. De George*, 341 U.S. 223, 227 (1951); *Doe v. Att'y Gen.*, 659 F.3d 266, 270 n.2 (3d Cir. 2011). The Supreme Court has gone so far as to hold that "[t]he phrase 'crime involving moral turpitude' has without exception been construed to embrace fraudulent conduct." *Jordan*, 341 U.S. at 232.

The upshot of all this is that even if Sheriff is correct that the BIA wrongly applied a modified categorical approach, such error would be harmless. As the BIA correctly noted in its opinion, the conduct criminalized by § 3922(a) is "more akin to fraud and deception than theft." AR 5. Sheriff's arguments fail because they mistakenly focus on the nature of the theft involved, rather than on the fraud. Even the least culpable

---

while the Government says they are not. The first step, looking to state law, definitively answers whether Sheriff's statute of conviction is divisible. *Commonwealth v. Joy*, 384 A.2d 1288, 1291 (Pa. Super. Ct. 1978). If, as Sheriff argues, the *Mathis* steps are sequential, then § 3922(a) is not divisible and it must be examined in its entirety. But if the Government is correct, looking to the record to determine exactly what Sheriff was convicted of—per step three—is just as appropriate. The BIA then would have correctly focused its inquiry solely on subsection § 3922(a)(1).

conduct criminalized by § 3922(a)—which Sheriff argues is found in § 3922(a)(3)—requires intentional fraud or deceit, historically the core of moral turpitude cases.

And although "an administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained," this rule does not "require that [the Court] convert judicial review of agency action into a ping-pong game." *Li Hua Yuan v. Att'y Gen.*, 642 F.3d 420, 427 (3d Cir. 2011) (internal quotation marks and citation omitted). Remand to the agency is "not required when it 'would be an idle and useless formality.'" *Id.* (internal quotation marks and citations omitted). Given the clarity and accuracy of the BIA's reasoning, a remand here would be the kind of "idle and useless formality" contemplated by *Yuan*.

Sheriff's second argument—that the term "crime involving moral turpitude" is unconstitutionally vague—is foreclosed by Supreme Court precedent. Vagueness challenges are evaluated on a case-by-case basis, but this Court recently considered the constitutionality of CIMT in the removal context in *Moreno*. The Court's analysis was "guided by the Supreme Court's decision in *Jordan v. De George*, 341 U.S. 223 (1951)." *Moreno*, 887 F.3d 160, 165 (3d Cir. 2018). In *Jordan*, the Supreme Court held that "the phrase 'crime involving moral turpitude' was not void for vagueness because it complied with '[t]he essential purpose of the 'void for vagueness' doctrine[,]' *i.e.*, it 'warn[ed]' the defendant that, were he to commit a crime 'in which fraud was an ingredient[,]' then the 'statutory consequence' of his conviction would be deportation." *Moreno*, 887 F.3d 160, 165–66 (quoting *Jordan*, 341 U.S. at 229–32). A morally turpitudinous offense has been "consistently defined" as one "that is inherently base, vile, or depraved, contrary to the

6

accepted rules of morality and the duties owed other persons, either individually or to society in general." *Id.* (quoting *Knapik v. Ashcroft*, 384 F.3d 84, 89 (3d Cir. 2004)). Because *Jordan* remains good law and squarely addresses this issue, precedent forecloses Sheriff's constitutional argument.[4]

IV

We will deny Sheriff's petition for review for the reasons stated.

---

[4] The Court thanks pro bono counsel for its able representation of Mr. Sheriff.