NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 19-1137 & 19-1933

KONSTANTIN BUGARENKO,
AKA Kostyantyn Bugarenko,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent

On Petition for Review of a Final Order
of the Board of Immigration Appeals
Immigration Judge:  Honorable John P. Ellington
(No. A045-284-507)

Submitted Under Third Circuit L.A.R. 34.1(a)
January 21, 2020

Before: AMBRO, MATEY, and FUENTES, Circuit Judges

(Opinion filed: January 23, 2020)

OPINION[*]

AMBRO, Circuit Judge,

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Petitioner Konstantin Bugarenko, a native and citizen of Ukraine, was admitted to the United States as a lawful permanent resident in 1996. In December 1998, he was convicted of multiple counts of aggravated assault in violation of 18 Pa. Cons. Stat. § 2702(a)(4), and sentenced to 11.5 to 23 months' imprisonment, for driving while intoxicated and causing bodily injury to six victims. He was convicted of numerous additional DUI offenses, including in January 2017 when he caught the attention of the Department of Homeland Security ("DHS").

Based on his 1998 conviction, DHS filed a Notice to Appear with the Immigration Court in October 2017, charging Bugarenko with removability under § 237(a)(2)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(i), as an alien who has been convicted of a crime involving moral turpitude committed within five years of his admission to the U.S. for which a sentence of one year or more may be imposed. Bugarenko sought relief from removal in the form of an adjustment of status with a waiver of inadmissibility under INA § 245(a), 8 U.S.C. § 1255(a), and INA § 212(h), 8 U.S.C. § 1182(h).

The Immigration Judge ("IJ") determined, based on the record of conviction, that Bugarenko was convicted of aggravated assault with a deadly weapon under 18 Pa. Cons. Stat. § 2702(a)(4), which the IJ concluded was a crime involving moral turpitude, thereby rendering Bugarenko ineligible for admission. 8 U.S.C. § 1182(a)(2)(A)(i)(I). In a subsequent order, the IJ denied Bugarenko's application for an adjustment of status with a § 212(h) waiver on making the discretionary finding that the balance of equities tipped against Bugarenko. Accordingly, the IJ ordered him removed to Ukraine.

2

Bugarenko appealed to the Board of Immigration Appeals. After reviewing the record evidence, it concluded the IJ did not clearly err in determining that Bugarenko was convicted under subsection (a)(4). But it declined to entertain his challenge that a crime involving moral turpitude in 8 U.S.C. § 1227(a)(2)(A)(i) was void for vagueness, determining that it lacked the authority to do so. On *de novo* review, the Board also ruled that, despite the positive equities, Bugarenko's "long history of alcohol abuse and dangerous criminal misconduct arising therefrom preponderates over those equities," rendering him ineligible for discretionary relief in the form of an adjustment of status with a § 212(h) waiver. App. Vol. I. at 8. Accordingly, it dismissed his appeal.

Bugarenko petitioned for review of the Board's decision and, while his petition was pending, filed a motion to reconsider its decision. The Board denied that motion because he raised the "same or similar arguments" as in his first appeal. Bugarenko then filed a second petition for review of the denial of his motion for reconsideration. The two petitions are consolidated before us.

We generally have jurisdiction over final orders of removal under 8 U.S.C. § 1252(a)(1). But importantly, we lack jurisdiction to review purely discretionary denials of relief under 8 U.S.C. § 1252(a)(2)(B) notwithstanding colorable constitutional claims or questions of law. *See id.* § 1252(a)(2)(D). Where, as here, the Board adopts an IJ's decision and adds analysis of its own, we review both decisions. *See Sandie v. Att'y Gen.*, 562 F.3d 246, 250 (3d Cir. 2009). We review legal conclusions *de novo*, *Cadapan v. Att'y Gen.*, 749 F.3d 157, 159 (3d Cir. 2014), and factual determinations for substantial evidence, *Dwumaah v. Att'y Gen.*, 609 F.3d 586, 589 (3d Cir. 2010).

3

1. *The Board applied the correct standard of review to the IJ's denial of discretionary relief from removal proceedings.*

Bugarenko first argues the Board applied the incorrect standard of review to the IJ's discretionary denial of his adjustment of status and § 212(h) waiver.

Subsection 1255(a) provides that the Attorney General may adjust an alien's status to that of one lawfully permitted as a U.S. resident, "in [the Attorney General's] discretion and under such regulations as he may prescribe," so long as "(1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." 8 U.S.C. § 1255(a). Because a conviction for a crime involving moral turpitude makes Bugarenko inadmissible, he also needed to apply for a waiver of admissibility under 8 U.S.C. § 1182. Subsection 1182(h)(1)(B) permits the Attorney General, "in his discretion," to waive admissibility requirements "if it is established to [his] satisfaction . . . that the alien's denial of admission would result in extreme hardship to the United States citizen or lawful resident spouse, parent, son, or daughter of such alien." 8 U.S.C. § 1182(h)(1)(B).

We lack jurisdiction over any "decision or action of the Attorney General" for which the authority "is specified under this subchapter to be in the discretion of the Attorney General . . . ." 8 U.S.C. § 1252(a)(2)(B)(ii). As relevant here, our jurisdiction "does not extend to an agency's factual and discretionary determinations underlying the denial of waivers based on an analysis involving extreme hardship." *Cospito v. Att'y Gen.*, 539 F.3d 166, 170 (3d Cir. 2008) (per curiam) (citations omitted). While we retain jurisdiction over "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D),

4

that jurisdiction is "narrowly circumscribed" and is limited only to "colorable" legal claims or questions. *Cospito*, 539 F.3d at 170 (quotation marks and citation omitted).

Bugarenko attempts to disguise his factual claim as a legal one, contending that both the IJ and Board erred in failing to consider hardship to those other than qualifying relatives, specifically, to him, his adult children, and his employees. But in reviewing anew the IJ's hardship determination, the Board clearly considered the hardship to more than just qualifying relatives, acknowledging Bugarenko's "lengthy period of lawful residence, family ties in the United States, medical issues involving some of his family members, business ownership, and efforts in connection with rehabilitation."[1] App. Vol. I. 8. Thus, his claim is nothing more than a "quarrel[] over the exercise of discretion and the correctness of the factual findings reached by the agency." *Cospito*, 539 F.3d at 170 (citation and quotation marks omitted). Accordingly, we lack jurisdiction over this claim.[2]

---

[1] Bugarenko also argues that the IJ misstated the "hardship" standard that applies to aliens who are inadmissible because they have been convicted of "violent or dangerous crimes." 8 C.F.R. 1212.7(d); *see Tejada v. Att'y Gen.*, 513 F. App'x 190, 194 (3d Cir. 2013). The IJ, however, found this standard satisfied—*i.e.*, ruled in Bugarenko's favor on this issue. Any error was therefore without effect.

[2] Bugarenko also raises a separate constitutional claim, arguing that DHS violated his due process right when it failed to bring removal proceedings against him for nearly 20 years. But he has no "substantive or procedural right or benefit that is legally enforceable" to "expeditious[]" removal proceedings. 8 U.S.C. § 1229(d)(1)–(2); *see also DiPeppe v. Quarantillo*, 337 F.3d 326, 333–34 (3d Cir. 2003) (holding that the Due Process Clause was not implicated by a delay in removal proceedings). He also asserts a defense of laches (seemingly as part of his due process argument), claiming a lack of diligence by the Government that resulted in prejudice to him. Appellant's Br. 12. We have never held that laches applies in removal proceedings and, given the weight of authority to the contrary, we decline to do so here. *See, e.g.*, *INA v. Hibi*, 414 U.S. 5, 8 (1973) (internal citation and quotation marks omitted) ("As a general rule[,] laches or neglect of duty on the part of officers of the Government is no defense to a suit by it to enforce a public right or protect a public interest.").

2. *DHS met its burden of establishing a conviction under 18 Pa. Cons. Stat. § 2702(a)(4).*

Bugarenko next argues that the Board was wrong to conclude that the IJ did not clearly err in determining that he was convicted under 18 Pa. Cons. Stat. § 2702(a)(4). He contends the record is not clear whether he was convicted under § 2702(a)(1), a first-degree felony that may be non-turpitudinous, *see Mahn v. Attorney General*, 767 F.3d 170, 174 (3d Cir. 2014), or § 2702(a)(4), which may be turpitudinous even though a second-degree felony. As evidence of ambiguity, Bugarenko points to the verdict where his § 2702 charge had a computer notation of "F-1" that was crossed out by hand and replaced with "F-2." Despite Bugarenko's attempts to manufacture an ambiguity, the charging document and verdict form make clear that none exists here.

While the criminal information tracks the language of both subsections, the verdict form "adjudge[s] [him] guilty [of] aggravated assault F-2." App. Vol. II 63–64. And his charge for aggravated assault under § 2702 was updated to reflect the verdict with an "F-2" notation replacing the initial "F-1." App. Vol. II 63, 65. We recognize the annotation "F-2" "in widely understood prosecutorial parlance means that [the defendant] pled guilty to a second-degree felony." *United States v. Ramos*, 892 F.3d 599, 610 (3d Cir. 2018). Only subsection (a)(4) is a second-degree felony. Thus the record shows DHS met its burden in showing that he was convicted under subsection (a)(4).[3]

---

[3] Bugarenko contends the record is unreliable, as there is a discrepancy between the court records and the electronic docket sheet. But the electronic docket sheet confirms his convictions under § 2702(a)(4), and any discrepancy relates to other charges.

6

*3. The phrase "crime involving moral turpitude" is not void for vagueness as applied to Bugarenko's conviction.*

Finally, Bugarenko argues that the phrase "crime involving moral turpitude," as used in 8 U.S.C. § 1227(a)(2)(A)(i), is void for vagueness when applied to his conviction. He acknowledges that his argument may be foreclosed by our recent decision in *Moreno v. Att'y Gen.*, 887 F.3d 160, 165 (3d Cir. 2018), in which we, relying on the Supreme Court's decision in *Jordan v. De George*, 341 U.S. 223 (1951), held that the phrase is not unconstitutionally vague. He is right, and his attempt to distinguish *Moreno* fails.

"[V]agueness challenges are evaluated 'on a case by case basis.'" *Moreno*, 887 F.3d at 165 (citation omitted). *Jordan* held the phrase was not void for vagueness as applied to a conviction for fraud because it gave "sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." *Jordan*, 341 U.S. at 231–32 (citation omitted). And *Moreno* upheld the phrase as applied to a conviction for possession of child pornography. *Moreno*, 887 F.3d at 166. "We have consistently defined a morally turpitudinous offense to be one 'that is inherently base, vile, or depraved, contrary to the accepted rules of morality and the duties owed other persons, either individually or to society in general.'" *Id.* at 166 (citation omitted). Here Bugarenko was "sufficiently forewarned," *Jordan*, at 341 U.S. at 232, that crimes involving assault with a deadly weapon are morally turpitudinous. *See Pichardo v. INS*, 104 F.3d 756, 760 (5th Cir. 1997) (holding specifically that a conviction under 18 Pa. Cons. Stat. § 2702(a)(4)—the same provision at issue here—is a crime involving moral turpitude); *Weedin v. Tayokichi Yamada*, 4 F.2d 455, 457 (9th Cir. 1925) (holding that assault with a deadly weapon "involves moral turpitude beyond any question"); *Matter of*

7

*Logan*, 17 I&N Dec. 367, 369 (BIA 1980) (collecting cases "indicating that assault with a deadly weapon is a crime involving moral turpitude").

Bugarenko argues that whether his conviction involves moral turpitude is "not so clear, especially when [he] was under the influence of alcohol." Appellant's Br. 18. We apply a categorical approach to determine whether a state law conviction constitutes a crime involving moral turpitude, and Bugarenko's specific act of consuming alcohol is irrelevant. *See Jean-Louis v. Att'y Gen.*, 582 F.3d 462, 465 (3d Cir. 2009). Thus, we deny his vagueness challenge.

Bugarenko also seeks review of the denial of his motion for reconsideration. We review a denial of a motion to reconsider for abuse of discretion and "do not disturb [it] unless it is 'arbitrary, irrational, or contrary to law.'" *Pllumi v. Att'y Gen.*, 642 F.3d 155, 158 (3d Cir. 2011) (citation omitted). Because his motion raises substantially similar arguments to the ones we reject here, we deny that petition as well.

\* \* \* \* \*

For all these reasons, we dismiss in part for lack of jurisdiction and deny in part the consolidated petition for review.